442 A.2d 249

**Luther Clay GLASGOW, Sue Gill, and Second Church of Christ, Scientist**

**v.**

**G. R. C. COAL COMPANY, a Delaware Corporation, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 11, 1981.

Filed Oct. 9, 1981.

Reargument Denied March 8, 1982.

Petition for Allowance of Appeal Denied June 11, 1982.

Walter A. Criste, Cresson, for appellant.

William C. Daczynski, Pittsburgh, for appellees.

Before BROSKY, DiSALLE and SHERTZ, JJ.

BROSKY, Judge:

Appellees, Luther Clay Glasgow, Sue Gill, and Second Church of Christ Scientist (hereinafter appellees), commenced an action to quiet title in August of 1977 against appellant, G.R.C. Coal Company (hereinafter G.R.C.) concerning an 80-acre tract of coal found in seams underlying a parcel of land known as the "Fulkerson Tract," in Cambria County, Pennsylvania. On June 20, 1980, the trial court granted appellees' motion for summary judgment. G.R.C. appeals from the order granting summary judgment. We reverse and remand the decision of the trial court and thereby disagree with its reasoning that the conveyance of the tract was in violation of the statute of frauds.

G.R.C. claims an interest in the property based upon two deeds, namely: (1) a recorded deed dated August 1, 1957 in which a Mr. and Mrs. Powell purchased the tract from the Fulkerson heirs. The instrument was signed by the Powells and by the Fulkerson's purported agent, John Scollins; and, (2) a recorded deed dated August 23, 1974 from the Powells to G.R.C. The appellees attack solely the validity of the former deed.

G.R.C. contends that summary judgment should not have been granted for several reasons. They include:

(1) The Statute of Frauds is not applicable to a wholly performed contract;

(2) The extent of the performance of the contract takes it out of the Statute of Frauds;

(3) The acts of John Scollins, Attorney for Eleanor F. Stevenson, were adopted, approved and ratified by Eleanor F. Stevenson;

(4) The doctrine of estoppel is available to the appellant as applied to Eleanor F. Stevenson;

(5) Joseph C. Apple was a competent witness to give his deposition.

(6) Recision in this case would be inequitable.

Summary judgment will only be granted where:

The judgment sought shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Pa. Rule of Civil Procedure 1035(b). We must determine, therefore, whether there was sufficient facts upon which the trial court could properly determine that there was "no genuine issue as to any material fact..."

The appellees, Luther Clay Glasgow and Sue Gill, were Fulkerson heirs, and as such they were parties to the purported conveyance between the Fulkerson heirs entered into under the signature of John Scollins and the Powells. The law in Pennsylvania is clear. An agency agreement for the sale of land must be in writing, 33 P.S. § 1, *Charles v. Henry*, 460 Pa. 673, 334 A.2d 289 (1975); *Fiegelman v. Parmoff Corp.*, 435 Pa. 461, 257 A.2d 575 (1979). A party to an agreement in which real estate is conveyed has the right to attack the authority of a person claiming to act as an agent to act in that capacity. *Lewis v. Spitler*, 266 Pa.Super. 201 n.7, 403 A.2d 994, 998 n.7 (1979). A ratification of an oral agency agreement must be in writing. *Fiegelman v. Parmoff Corp.*, supra, *Mott v. Kaldes*, 288 Pa. 264, 135 A. 764 (1927). The doctrine of estoppel may not be invoked against the statute of frauds. *Del Borrello v. Laulatta*, 455 Pa. 350, 317 A.2d 254 (1974). Laches may not be asserted to deprive the appellees of title. *Beers v. Pusey*, 389 Pa. 117, 132 A.2d 346 (1957). Furthermore, the deposition of Joseph C. Apple posed to demonstrate the existence of an agency agreement is ineffective because there is no written expression of the purported agency agreement entered into by the Fulkerson heirs, specifically, Luther Clay Glasgow and Sue Gill.

The standard by which a contract for the sale of realty is taken out of the statute of frauds was stated by our Su-

preme Court in *Beers v. Pusey,* supra, 389 Pa. at 124, 132 A.2d at 350.

Nor was the evidence presented sufficient to take the oral agreement out of the operation of the Statute. In *Brotman v. Brotman,* 353 Pa. 570, 572, 46 A.2d 175, 177, we said on that subject:

> It is well settled in this Commonwealth as was said by this Court in *Hart v. Carroll,* 85 Pa. 508, 510, that in order to take a parol contract for the sale of real estate out of the operation of the Statute of Frauds, the evidence must, among other things, show: ' * * that possession was taken in pursuance of the contract, and at or immediately after the time it was made, the fact that the change of possession was notorious, and the fact that it has been exclusive, continuous and maintained. *And* it must show performance or part performance by the vendee which could not be compensated in damages, and such as would make rescission inequitable and unjust.' " (Emphasis supplied.)

*Klingensmith v. Klingensmith,* 375 Pa. 178, 100 A.2d 76 (1953); *Rea v. Ford Motor Co.,* 326 F.Supp. 627, D.C.1971, adhered to 355 F.Supp. 842, vacated in another respect 497 F.2d 577, cert. den. 419 U.S. 868, 95 S.Ct. 126, 42 L.Ed.2d 106 on remand 406 F.Supp. 271, vacated 560 F.2d 554, cert. den. 434 U.S. 923, 98 S.Ct. 401, 54 L.Ed.2d 281.

The damages must be compensable to the vendee for any improvements he has made to the property. *Rader v. Keiper,* 285 Pa. 579, 132 A. 824 (1926). We agree with the trial court when it held that any performance or part performance by the Powells and G.R.C. was compensable in damages. Quite clearly the value of the land was, on the whole, not improved, rather its value was decreased, by the operation of a mine.

In *Briggs v. Sackett,* 275 Pa.Super. 13, 17, 418 A.2d 586, 589 (1980), however, we said:

> The statute of frauds provides that oral contracts for the sale of land are invalid. 33 P.S. § 1. Where, however, the party seeking to enforce the conveyance has partially

performed the contract, so as to render recission [sic] inequitable and unjust, the contract may be outside the operation of the statute. See, e. g., *Hancock v. Melloy*, 187 Pa. 371, 41 A. 313 (1898). "[I]t is well settled that the statute prevents the entry of a decree of specific performance against the vendor under the oral contract, ... unless it appears that continuous and exclusive possession was taken under the contract *and* improvements were made by the vendee not readily to be compensated in money, or other equitable considerations make it impossible to do justice save by specific performance." *Haskell v. Heathcote*, 363 Pa. 184, 69 A.2d 71 (1949) (citing *Moyer v. Moyer*, 356 Pa. 184, 51 A.2d [708] 709 (1947); *Zlotziver v. Zlotziver*, 355 Pa. 299, 49 A.2d 779 (1946); *Axe v. Potts*, 349 Pa. 345, 37 A.2d 572 (1944); *Hartzell's Estate*, 114 Pa.Super. 190, 173 A. 842 (1934)) (emphasis in original). Although some of our cases have articulated the second requirement more narrowly, requiring a showing of permanent improvements to the property, see, e. g., *Hart v. Carroll*, 85 Pa. 508, 510 (1877), the great majority of the cases employ the broader formulation of the standard quoted above. See, e. g. *Klingensmith v. Klingensmith*, 375 Pa. 178, 100 A.2d 76 (1953); *Brotman v. Brotman*, 353 Pa. 570, 46 A.2d 175 (1946). Among the relevant "equitable considerations" which may justify a decree of specific performance is the amount of time which has passed prior to the vendor's challenge to the vendee's possession. *Rarry v. Shimek*, 360 Pa. 315, 62 A.2d 46 (1948). This time factor is considered because it would be inequitable to aid one who has induced another's detrimental reliance by his failure promptly to pursue his rights. *Id.*, 360 Pa. at 321, 62 A.2d at 49.

The "time factor" in *Briggs*, supra, was 15 years. In the instant case, the conveyance was not challenged for 19 years. Thus, strong equitable considerations exist which tend to justify G.R.C.'s argument. We are not satisfied that there was "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

Pa.R.C.P. 1035(b). Accordingly, we reverse and remand for trial.

DiSALLE and SHERTZ, JJ., concur in the result.

AND NOW, to-wit, this 8th day of March, 1982, appellees' application for reargument is denied and the opinion and order filed by this Court on October 9, 1981 is hereby clarified to indicate that having noted that this appeal concerns only that portion of the judgment which involves the interest purportedly conveyed by Eleanor Stevenson, the order of the trial court is reversed and the case is remanded to that court for trial as to that interest alone.