538 A.2d 11

**AUSTIN J. RICHARDS, INC., Appellant,**

v.

**Violet I. McCLAFFERTY, Appellee.**

**Violet I. McCLAFFERTY**

v.

**Maurice A. NERNBERG, Jr., Appellant,**

v.

**Gary M. DAVIS and Steven Abramovitz.**

Superior Court of Pennsylvania.

Argued May 13, 1987.

Filed Jan. 4, 1988.

Reargument Denied March 1, 1988.

270

James R. Cooney, Pittsburgh, for Richards, appellant in No. 1165.

Paul G. Mayer, Jr., Pittsburgh, for Nernberg, appellant in No. 1602.

Michael Louik, Pittsburgh, for appellee in Nos. 1165 and 1602.

James R. Farley, Pittsburgh, for Davis and Abramovitz, appellees in No. 1602.

Before WIEAND, KELLY and POPOVICH, JJ.

WIEAND, Judge:

Presently before the Court for review are summary judgments entered in separate actions, both of which were spawned by a disputed real estate transaction. Except for a common factual background, the issues are different and must be considered separately.

### *Austin J. Richards, Inc. v. Violet I. McClafferty*

Violet I. McClafferty retained the services of the law firm of Davis and Abramovitz to assist her in selling real estate known as No. 719 Bellefonte Street, Pittsburgh. The employment of counsel was general, however, and there was no written agreement which defined the duties or authority of the lawyers to act on McClafferty's behalf. McClafferty's asking price was $44,000.00. Austin J. Richards, Inc., a corporation engaged in making real estate investments, made a written offer to Abramovitz to purchase the premises for $36,000.00. McClafferty rejected the offer. However, she made a counter-offer via an agreement of sale, which she had signed, reciting the price to be $40,000.00. Richards did not accept this counter-offer. However, Maurice A. Nernberg, the sole shareholder in the Richards corporation, spoke with Davis—Abramovitz was then out of town—and suggested that Richards would be willing to pay $38,500.00 for the premises provided that certain changes were made in the terms of the written agreement which had been submitted. Nernberg testified in depositions that

Davis told him the price and amended terms were satisfactory. Later on the same day, Nernberg changed the price to $38,500.00 and made other changes in the written agreement of sale. He then initialed the changes and signed the agreement. Davis did not initial the changes or sign the agreement but told Nernberg that the altered agreement would have to be submitted to McClafferty. By the time the altered agreement was presented to McClafferty for review, she had received an offer from Infil Corporation to purchase the real estate for $44,000.00. McClafferty elected to accept the Infil offer, and a written agreement of sale was drafted and executed. She rejected the Richards corporation's offer of $38,500.00.

Richards then commenced an action against McClafferty for breach of contract. By way of defense, McClafferty denied the existence of any agreement to sell to Richards, denied that her attorneys had had authority to accept the Richards offer on her behalf, and alleged an affirmative statute of frauds defense that Davis had not had written authority to bind her to sell the real estate for $38,500.00. After discovery had been completed, the trial court granted a motion for summary judgment in favor of McClafferty. Richards appealed.

In *Thorsen v. Iron and Glass Bank*, 328 Pa.Super. 135, 476 A.2d 928 (1984), this Court defined the role of a motion for summary judgment under Pa.R.C.P. 1035 as follows:

A motion for summary judgment may properly be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Pa.R.C.P. 1035(b). See also: *Rybas v. Wapner*, 311 Pa.Super. 50, 54, 457 A.2d 108, 109 (1983); *Williams v. Pilgrim Life Insurance Co.*, 306 Pa.Super. 170, 172, 452 A.2d 269, 270 (1982). In passing upon a motion for summary judgment, the court must examine the record in the light most favorable to the nonmoving party. *Pocono Internation-*

*al Raceway, Inc. v. Pocono Produce, Inc.,* 503 Pa. 80, 82–83, 468 A.2d 468, 470 (1983); *Zimmerman v. Zimmerman,* 322 Pa.Super. 121, 124–125, 469 A.2d 212, 213 (1983); *Wilk v. Haus,* 313 Pa.Super. 479, 482, 460 A.2d 288, 289–290 (1983). It is not part of the court's function to decide issues of fact but solely to determine whether there is an issue of fact to be tried. *Wilk v. Haus, supra,* 313 Pa.Superior Ct. at 482, 460 A.2d at 290; *Tom Morello Construction Co. v. Bridgeport Federal Savings & Loan Association,* 280 Pa.Super. 329, 334, 421 A.2d 747, 750 (1980). Any doubt must be resolved against the moving party. *Chorba v. Davlisa Enterprises, Inc.,* 303 Pa.Super. 497, 500, 450 A.2d 36, 38 (1982); *First Pennsylvania Bank, N.A. v. Triester,* 251 Pa.Super. 372, 378, 380 A.2d 826, 829 (1977).

*Id.,* 328 Pa.Superior Ct. at 140–141, 476 A.2d at 930–931.

■■■ There can be no dispute in this case that Violet I. McClafferty did not sign a written agreement to sell her real estate to Richards for $38,500.00. It is also clear that neither Abramovitz nor Davis had written authority, signed by McClafferty, to sell or agree to sell the real estate on her behalf. Therefore, an attempt by Davis to bind his principal to sell the real estate to Richards for $38,500.00, if that is what happened, was unenforceable by virtue of the statute of frauds. Act of March 21, 1772, 1 Sm.L. 389, § 1, 33 P.S. § 1; *Feingold v. Davis,* 444 Pa. 339, 282 A.2d 291 (1971). See also: *Charles v. Henry,* 460 Pa. 673, 677, 334 A.2d 289, 291 (1975); *Glasgow v. G.R.C. Coal Co.,* 295 Pa.Super. 498, 501, 442 A.2d 249, 250 (1981); The need for written authority, signed by the principal, is not obviated where the agency springs from a lawyer-client relationship. Cf. *Starling v. West Erie Ave. Building & Loan Ass'n,* 333 Pa. 124, 3 A.2d 387 (1939).

■■■ Appellant concedes that there was no written agreement of agency between McClafferty and her attorneys. It is argued, however, that the agreement which McClafferty did sign is sufficient to satisfy the requirements of the statute of frauds even though she did not see or agree to it

after the price had been changed to $38,500.00. This defect, it is argued, is obviated because her attorney agreed to the changes. Appellant also contends that references in appellee's pleadings to the existence of an attorney-client relationship are sufficient to satisfy the statute of frauds and demonstrate authority of the attorneys to bind their principal. We disagree with both of these contentions.

"The statute of frauds is not satisfied ... by a written offer and a written acceptance which annexes additional terms, conditions, or other variations which are not in turn accepted *in writing* by the party making the original offer. Even where oral modifications of a written offer or acceptance are agreed to by the other party, the contract, being partly in parole [sic], is deemed to be an oral contract and insufficient under the statute." *Target Sportswear, Inc. v. Clearfield Foundation,* 327 Pa.Super. 1, 15, 474 A.2d 1142, 1149–1150 (1984), quoting 37 C.J.S. Statute of Frauds § 180(c) (emphasis by *Target* court). It is clear, therefore, that the proposed agreement, signed by McClafferty, to sell at a price of $40,000.00, did not satisfy the requirements of the statute of frauds with respect to Richards's counter-offer to buy for $38,500.00. When Richards changed the price in the agreement to $38,500.00, a figure to which McClafferty had not agreed, there was no writing demonstrating an agreement by McClafferty to sell. Moreover, Davis did not have written authority to accept the proposed amendment on her behalf. In short, there was no enforceable agreement to sell the real estate for $38,500.00 and no written authority to the lawyers to bind McClafferty to such a sale.

It is correct, as appellant contends, that the requirements of the statute of frauds can be met by admissions contained in the pleadings. *Lehner v. Montgomery,* 180 Pa.Super. 493, 498, 119 A.2d 626, 628 (1956). The admissions, however, must be clear and unequivocal. *Kirk v. Ford,* 330 Pa. 579, 200 A. 26 (1938). In the instant case there is no clear and unequivocal admission by McClafferty that her lawyers had authority to bind her to an agreement

to sell her property for $38,500.00. The discovery depositions establish, on the contrary, that there was no special relationship between McClafferty and her attorneys which would have authorized them to agree to the terms of a sale on her behalf. It is also abundantly clear that Davis did not represent that he had authority to bind his firm's client, for he refused to initial the changes in the agreement made by the buyer and told Nernberg that those changes would have to be submitted to Mrs. McClafferty for approval.

█ We conclude, therefore, that the entry of summary judgment in favor of McClafferty was proper and must be affirmed.[1]

## McClafferty v. Nernberg, et al.

After McClafferty had accepted the offer made by Infil Corporation, Richards filed a lis pendens notice of a claim for specific performance of the alleged contract with McClafferty. As a result, Infil was unable to obtain title insurance, and its closing with McClafferty was delayed. McClafferty then filed an action against Nernberg for interference with contract and slander of title.[2] Nernberg joined Davis and Abramovitz as additional defendants. The averments of the defendant's complaint were that the attorneys had negligently advised McClafferty to reject offers of

1. There is no merit in appellant's contention that it was error to grant summary judgment because to do so was to overrule an earlier, interlocutory order of the same court which had denied a motion for judgment on the pleadings. Cf. *DiAndrea v. Reliance Savings & Loan Ass'n*, 310 Pa.Super. 537, 542–543, 456 A.2d 1066, 1068–1069 (1983) (prior denial of preliminary objection in nature of demurrer does not preclude consideration of motion for judgment on pleadings). The failure to present a cause of action upon which relief can be granted may be raised at any time. A motion for summary judgment is based not only upon the averments of the pleadings but may also consider discovery depositions, answers to interrogatories, admissions and affidavits. See: Pa.R.C.P. 1034 and 1035. Therefore, the trial court, when the motion for summary judgment was made, had a better view of the alleged cause of action and the evidence or lack of evidence in support thereof than immediately following the closing of the pleadings.

2. Infil Corporation also filed an action against McClafferty to recover damages allegedly caused by the delayed closing.

settlement made by Richards and Infil, and that it had been this negligent advice which had caused the damages allegedly sustained by McClafferty. The trial court granted summary judgment in favor of Davis and Abramovitz, the additional defendants, on the ground that the defendant had failed to demonstrate a valid cause of action against them.

Pa.R.C.P. 2252(a), which enumerates those circumstances in which an additional defendant may be joined, provides as follows:

> (a) In any action the defendant or any additional defendant may, as the joining party, join as an additional defendant any person whether or not a party to the action who may be alone liable or liable over to him on the cause of action declared upon by the plaintiff or jointly or severally liable thereon with him, or who may be liable to the joining party on any cause of action which he may have against the joined party arising out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based.

Under this rule, an additional defendant may be joined by a defendant if the additional defendant is alone liable to the plaintiff or liable over to the defendant on the cause of action alleged by the plaintiff or jointly liable on that cause of action with the defendant. An additional defendant may also be joined by a defendant if the additional defendant is liable to the defendant on any cause of action which the defendant may have against the additional defendant arising out of the same transaction upon which plaintiff's cause of action is based.

In the instant case, the defendant attempted to join the plaintiff's attorneys on the grounds that they were guilty of malpractice in failing to recommend settlement to their client. However, the defendant can have no cause of action against the attorneys because of advice which the attorneys gave their client. The general rule is that an attorney cannot be held liable for negligence to a third person with whom he has no contract of employment. *Smith v. Griffiths*, 327 Pa.Super. 418, 476 A.2d 22 (1984).

Under this rule, therefore, Nernberg can have no cause of action against the attorneys for advice which they gave to their client regarding offers to settle.

██ It is the litigant and not the attorney who is the master of his cause of action, and he may press it to the end regardless of the facts and law arrayed against him. *Senyshyn v. Karlak*, 450 Pa. 535, 539, 299 A.2d 294, 296 (1973). The attorney cannot release the client's claim or compromise the litigation without special authority to do so. *Id.*, quoting *McLaughlin v. Monaghan*, 290 Pa. 74, 78, 138 A. 79, 80 (1927). It follows that the attorney cannot be liable to the third party adversary because of the client's refusal to settle a claim.

██ Appellant's attempt to join the attorneys on the ground that they were solely liable to McClafferty, their client, or jointly liable with appellant must also be rejected. To attempt to interject a legal malpractice claim and compel the plaintiff to seek recovery against her attorneys because of alleged negligent advice regarding settlement was clearly improper and outside the joinder permitted by Pa.R.C.P. 2252(a). The plaintiff did not assert a claim for malpractice against her attorneys, and the defendant will not be allowed to force her to do so in her action against the defendant.

██ Pa.R.C.P. 2252(a) permits joinder of an additional defendant on grounds that the additional defendant is solely liable to the plaintiff on the cause of action alleged in the complaint or on the grounds that the additional defendant is jointly liable with the defendant on the cause of action alleged in the complaint.[3] Although the phrase "cause of action declared upon by the plaintiff" has been broadly construed, see 8 Goodrich–Amram 2d § 2252(a):6, it does not permit the joinder of plaintiff's attorneys on the grounds that their malpractice in recommending rejection of an offer of settlement has contributed to the plaintiff's loss. This is an entirely separate cause of action and cannot be

3. Defendant's complaint contains no averments which would support a claim that the additional defendants were liable over to the defendant on the cause of action alleged in the complaint.

made the basis for joining the attorneys as additional defendants. Counsel's malpractice, even if it existed, would not render them jointly liable with defendant on the cause of action alleged by the plaintiff, and plaintiff, apparently satisfied with the services rendered by her attorneys, has not made any claim against her attorneys. To permit the defendant to join the attorneys as additional defendants on the grounds that their advice regarding settlement contributed to plaintiff's loss would have unfortunate consequences. The rule does not permit it and neither do we. The trial court did not err when it disallowed the joinder and dismissed the claim against the additional defendants.

The orders of the trial court entering summary judgments are affirmed.