

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-14-2005

# Winters v. Patel

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4072

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Winters v. Patel" (2005). *2005 Decisions.* Paper 231.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/231

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 04-4072, 04-4263 & 04-4792

SUSAN F. WINTERS,

v.

MARYAGNES FRANGIPANNI PATEL, AS PAST ADMINISTRATRIX,
FIDUCIARY AND ACCOUNTANT OF THE ESTATE OF
RONALD PATEL, DECEASED, AND IN HER OWN RIGHT;
JOHN DOE, ADMINISTRATOR OF THE ESTATE OF
RONALD PATEL, DECEASED; GARY L. BORGER, ESQUIRE

Gary L. Borger,
    Appellant at No. 04-4072

Susan F. Winters,
    Appellant at Nos. 04-4263 & 04-4792

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Civil Action No. 03-cv-01737
(Honorable Clarence C. Newcomer)

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 17, 2005

Before: SCIRICA, *Chief Judge*, VAN ANTWERPEN and COWEN, *Circuit Judges*

(Filed:  November 14, 2005)

SCIRICA, *Chief Judge*.

In this diversity case, the District Court denied Appellant Gary Borger's motions for judgment as a matter of law and a new trial following a jury verdict in favor of Cross-Appellant Susan Winters.[1]  Additionally, the District Court denied Winters's motions for supplemental fees and prejudgment interest, although the court gave Winters leave to re-file her motion for supplemental costs and fees pending the outcome of this appeal.  We will affirm and remand to the District Court for a determination on the issue of supplemental attorney's fees and costs.

I.

Because we write for the parties, we will provide only a brief recitation of the facts.  On April 17, 1997, Winters hired Borger to represent her in a divorce action against her former husband Mr. Ronald Patel.  In the ensuing divorce action, Winters and Mr. Patel eventually agreed Mr. Patel would pay Winters a total of $143,000 in four installments.  As part of the divorce settlement, approved by the court on January 7, 1999, Mr. Patel agreed to provide his 401(k) Plan as security and take out an insurance policy naming Winters beneficiary in an amount sufficient to cover his obligations.  The divorce

---

[1] The parties apparently agree that Pennsylvania law applies to the interpretation of the release agreement at issue and New Jersey law applies to the malpractice and breach of contract claims against Borger.

settlement did not name either the 401(k) Plan or the insurance policy as the exclusive method of payment in the event of Mr. Patel's death.

To secure the debt through Mr. Patel's 401(k) Plan, Winters needed to obtain either a Qualified Domestic Relations Order ("QDRO") or a survivors annuity. Borger advised Winters to enter into the divorce settlement, although it contained neither of these and despite his knowledge that Winters might not ever legally qualify for a QDRO.

Mr. Patel died on January 7, 2000, before he could complete his obligation to Winters. As of that date, Borger had done nothing to perfect the security interests provided in the divorce settlement. Over a month went by after Mr. Patel's death before Borger attempted to collect on Winters's behalf. By that time, however, Mr. Patel's widow, Maryagnes Frangipanni Patel, had acquired the benefits from both the 401(k) Plan and the insurance policy. Unaware of Mrs. Patel's actions, Winters signed a Release and Settlement Agreement ("the Release") in a separate action (the "privacy action") filed against several defendants, including the Patels. Winters received consideration for her agreement to the Release.

After learning of Mrs. Patel's actions, Winters commenced several actions against Mr. Patel's Estate, Mrs. Patel, and others, attempting to collect the amount due under the divorce settlement. When these failed, Winters commenced this action against Borger,

3

claiming breach of contract and malpractice.[2]  The case went to a jury, which returned a verdict on both causes of action in favor of Winters and awarded her $296,544.70 in compensatory damages, including attorney's fees and costs up to the date of trial.

At the end of Winters's case and again at the close of evidence, Borger moved for judgment as a matter of law under Rule 50.  Borger also moved for a new trial or to alter or amend judgment under Rule 59.[3]  The District Court denied each motion.  Borger appeals these orders as well as several of the District Court's evidentiary rulings.  We have jurisdiction under 28 U.S.C. § 1291.

## II.

Borger's primary contention on appeal is that the evidence at trial was insufficient to support the jury's findings of malpractice and breach of contract.  We review a District Court's sufficiency of the evidence determination *de novo*.  *W.V. Realty, Inc. v. N. Ins. Co.*, 334 F.3d 306, 311 (3d Cir. 2003) (citing *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1166 (3d Cir. 1993)).  The District Court's decision will stand unless, "viewing the evidence in the light most favorable to the non-movant . . ., there is insufficient evidence from which a jury reasonably could find liability."  *Id*.  We review the District Court's decision to deny a motion for a new trial for abuse of discretion.  *Id*.

---

[2] Mrs. Patel is also a named defendant in this action.  Winters's appeal from the judgment entered in favor of Mrs. Patel is addressed in a separate opinion of this Court.

[3] Borger makes no meaningful challenge to the District Court's decision to deny his Rule 59(e) motion to alter or amend judgment.  This issue is, therefore, waived.

4

According to Borger, any negligence Winters proved with regard to his handling of the 401(k) Plan is irrelevant because the Plan was not intended to secure Mr. Patel's debt in the event of his death. But on this point, the evidence at trial was conflicting on the intended function of the 401(k) Plan, and this challenge must be resolved in favor of the jury's verdict. Thus, the verdict supports the view that the parties intended the 401(k) Plan to secure Mr. Patel's debt in the event of *any* default, including death.

In addition, Winters provided evidence showing Borger acted negligently when he included in the divorce settlement a security interest that he knew may never be secured. According to Winters's testimony, she thought the divorce settlement secured the debt owed to her. A reasonable jury could find, had Winters known one of the two security devices provided in the divorce settlement was possibly ineffective, she would have acted differently to obtain a more secure agreement. Therefore, the evidence was sufficient to support the jury's verdict that Borger's conduct breached his contractual and professional duties to Winters and caused her damage.

Borger also challenges the jury's damage award on two grounds. First, he asserts his conduct caused Winters no damage because Mr. Patel's debt to Winters was "paid" by the parties to the privacy action. However, Winters claimed at trial that she was not in fact paid. The jury was entitled to accept Winters's version of events and reject Borger's contention that the consideration Winters obtained constituted payment for Mr. Patel's debts. We also reject Borger's contention that *Packard-Bamberger & Co., Inc. v. Collier*,

5

771 A.2d 1194, 1204 (Pa. 2001), requires a court, and not a jury, to decide the issue of attorney's fees and costs. The *Packard-Bamberger* decision did not address the jury's authority to decide such issues, and, in fact, did not involve a jury trial at all.

Borger also contends the evidence was insufficient to support the jury's award of attorney's fees and costs. In particular, Borger takes issue with Winters's recovery of the fees and costs she incurred in unsuccessful actions she brought to recover the debt Mr. Patel owed her. Borger improperly focuses on the alleged lack of success of those actions and ignores the evidence that they were necessary to retrieve the monies that his own conduct caused Winters to lose. *See Lovett v. Estate of Lovett*, 593 A.2d 382, 389-90 (N.J. Ch. 1991) (noting "loss of time, attorney fees and other expenditures" from collateral litigation incurred as a "proximate result" of a person's tortious actions are recoverable); *see also Conklin v. Hannoch Weisman*, 678 A.2d 1060, 1071 (N.J. 1996) (rejecting the contention that simple "but for" causation applies in "cases in which the attorney's negligent conduct combines with other causes that lead to the client's injury"). Winters presented competent evidence through her own testimony regarding the amount of fees she incurred in this and other actions.[4] The jury's verdict is supported by the evidence, and the District Court did not abuse its discretion in denying a new trial on this ground.

---

[4] The District Court did not abuse its discretion in allowing Winters to refresh her recollection under Fed. R. Evid. 803(5) regarding the amount of legal fees and costs she has incurred to date.

Borger next contends the District Court erred in admitting the testimony of Winters's expert witness. Borger asserts Winters's expert testified outside of the scope of the expert report, did not testify to a "reasonable degree of certainty," and offered speculative and legally conclusive testimony. We review decisions regarding the admission of expert testimony under an abuse of discretion standard. *United States v. Davis*, 397 F.3d 173, 178 (3d Cir. 2005). After a review of the record, we see no error in the District Court's decision to admit this testimony.

We also reject Borger's contention that the privacy action Release bars Winter's claims against him. The construction of a contract is generally a legal issue that is reviewed *de novo*. *Vanguard Telecomm., Inc. v. S. New England Tel. Co.*, 900 F.2d 645, 650 (3d Cir. 1990). However, the intent of the parties to a contract is a question of fact, which will only be set aside if it is clearly erroneous. *Coca-Cola Bottling Co. of Elizabethtown, Inc. v. Coca-Cola Co.*, 988 F.2d 386, 401 (3d Cir. 1993).

On its face, the Release limits its applicability to the parties to the privacy action and others who are "jointly and severally liable." Borger was neither party to nor a joint-tortfeasor in that action. *See Austin J. Richards, Inc. v. McClafferty*, 538 A.2d 11, 16 (Pa. Super. Ct. 1988) (determining an attorney was not jointly liable with the principal defendant for having provided deficient legal advice). However, even if the Release is ambiguous regarding its scope of coverage, the District Court found Borger could not benefit from the Release because he was not an intended beneficiary. *See Scarpitti v.*

7

*Weborg*, 609 A.2d 147, 150 (Pa. 1992); *see also Harrity v. Med. Coll. of Pa. Hosp.*, 653 A.2d 5, 11 (Pa. Super. Ct. 1994) (distinguishing *Buttermore v. Aliquppa Hosp.*, 561 A.2d 733, 735 (Pa. 1989), by finding language in a release limiting its applicability to only those claims raised in the instant action). Borger cites no contrary evidence of intent upon which to find clear error in this conclusion. Therefore, Borger cannot rely on the Release as an affirmative defense.

Borger next contends the District Court cited incorrect legal standards to the jury for the award of damages in malpractice actions. "We exercise plenary review to determine whether jury instructions misstated the applicable law." *Cooper Dist. Co. v. Amana Refrig., Inc.*, 180 F.3d 542, 549 (3d Cir. 1999). The District Court instructed the jury to award costs and fees for litigation "the plaintiff had to bring as a natural consequence of the Defendant's malpractice." As discussed above, this is an adequate statement of the law on the recovery of attorney's fees and costs in malpractice actions.

Borger also challenges several evidentiary rulings. First, he contends a new trial is warranted by the District Court's exclusion of evidence of the negotiations underlying the divorce settlement agreement. We review the admission or exclusion of evidence for abuse of discretion. *In re Merritt Logan, Inc.*, 901 F.2d 349, 359 (3d Cir. 1990). The District Court excluded this evidence on the basis of the parole evidence rule. In his appeal, Borger presents no persuasive challenge to this decision. We, therefore, affirm.

8

Borger also contests the admission of evidence relating to Mrs. Patel's sale of a condominium she and Mr. Patel owned before his death. Because Borger does not make the basis for his challenge clear, we presume he raises the same double-hearsay issue he raised to the District Court. But Borger provides no legal basis upon which to overturn the District Court's hearsay findings. We see no error here.

Finally, Borger contends a new trial is warranted by several allegedly improper statements made by Winters's counsel during the trial. The District Court declined to grant a new trial finding it was not "reasonably probable" that the alleged misconduct influenced the jury. We review for abuse of discretion. *Greenleaf v. Garlock, Inc.*, 174 F.3d 352, 363 (3d Cir. 1999). Considering the District Court's close management of the trial as well as the inconsequential nature of Winters's counsel's alleged misconduct, we see no error.

### III.

Winters filed two cross-appeals in this action challenging the District Court's decisions on her requests for supplemental attorney's fees and prejudgment interest.[5] In an order dated December 1, 2004, the District Court denied Winters's request for supplemental attorneys fees and costs incurred during the trial and appeal of this action.

---

[5] Winters also replies to Borger's appeal with a challenge to the District Court's decision to quash a subpoena. Winters asserts this evidence is necessary to establish her case against Mrs. Patel for fraud. It is unclear why Winters expects Borger to respond to this appeal. Nevertheless, the issue is made moot by our related opinion affirming the judgment below entered in favor of Mrs. Patel.

However, the District Court also correctly granted Winters leave to re-file her request pending the outcome of this appeal. In light of our decision affirming the verdict below, we will remand the matter to the District Court to determine the reasonableness of fees expended by Winters in the prosecution of the matters against defendants Mrs. Patel and Borger, fees expended in the appeal of those matters to this Court, and, finally, fees expended in the remanded proceedings.[6]

On the other hand, we reject Winters's challenge to the District Court's order denying her motion for prejudgment interest. Having not yet determined Winters's entitlement to discretionary prejudgment interest at the time of judgment, the District Court's omission of such an award cannot be considered a "clerical mistake" correctable under Rule 60(a). *See Keith v. Truck Stops Corp. of Am.*, 909 F.2d 743, 746-47 (3d Cir. 1990) (motions for prejudgment interest under New Jersey law are properly characterized as Rule 59(e) motions to alter or amend judgment); *Rosen v. Rucker*, 905 F.2d 702, 705-06 (3d Cir. 1990) (same under Pennsylvania law). The District Court properly considered her motion an untimely Rule 59(e) motion, and we will affirm on this point.

---

[6] We suggest that the District Court confer with counsel in an effort to amicably resolve what the reasonableness of those various fees should be.

10

IV.

For the reasons stated, we will affirm the judgment and remand the action back to the District Court for a determination on the issue of supplemental attorney's fees and costs.