J-S24004-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| W.B. HOMES, INC. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| USI INSURANCE SERVICES, LLC, DONNA GOEPFRICH, HARLEYSVILLE WORCESTER INSURANCE COMPANY, A SUBSIDIARY OF NATIONWIDE MUTUAL INSURANCE COMPANY, HARLEYSVILLE MUTUAL INSURANCE COMPANY, A SUBSIDIARY OF NATIONWIDE MUTUAL INSURANCE COMPANY AND NATIONWIDE MUTUAL INSURANCE COMPANY | : | No. 2533 EDA 2021 |
| | : | |
| v. | : | |
| | : | |
| CLEMM AND ASSOCIATES, LLC, MARK C. CLEMM, ESQUIRE AND KATIE M. CLEMM, ESQUIRE | : | |
| | : | |
| Appellants | : | |

Appeal from the Order Entered June 15, 2021
In the Court of Common Pleas of Montgomery County Civil Division at
No(s):  2020-12358

BEFORE:   PANELLA, P.J., LAZARUS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PANELLA, P.J.:              **FILED OCTOBER 12, 2022**

Clemm and Associates, LLC, Mark C. Clemm, Esquire, and Katie M.

Clemm, Esquire (collectively, "the Clemm Appellants"), appeal by permission

---

[*] Retired Senior Judge assigned to the Superior Court.

from the order overruling their preliminary objections to the joinder complaint filed by USI Insurance Services, LLC ("USI"), and Donna Goepfrich (USI and Goepfrich will collectively be referred to as "the USI Defendants"), seeking to join the Clemm Appellants as additional defendants in the underlying action.[1,][2] On appeal, the Clemm Appellants ask us to consider whether they were properly joined as defendants under theories of sole or joint liability based upon their representation of their client, W.B. Homes, the plaintiff in the underlying action. After careful review, we reverse and remand.

Because this is an interlocutory appeal by permission involving only the USI Defendants and Clemm Appellants, we will limit our summary of the factual and procedural history. The Clemm Appellants are legal counsel for W.B. Homes, a residential home builder in Montgomery County, Pennsylvania. USI has provided W.B. Homes with insurance broker services for over 30 years. In particular, Goepfrich, as a USI employee, managed W.B. Homes's

---

[1] We note that the underlying action also includes claims against Harleysville Worcester Insurance Company, a subsidiary of Nationwide Mutual Insurance Company; Harleysville Mutual Insurance Company, a subsidiary of Nationwide Mutual Insurance Company; and Nationwide Mutual Insurance Company (collectively, "the Nationwide Defendants").

[2] An order denying preliminary objections is generally interlocutory not appealable as of right. *See Callan v. Oxford Land Dev., Inc.*, 858 A.2d 1229, 1232 (Pa. Super. 2004). Here, however, the Clemm Appellants filed an application for amendment of the order pursuant to 42 Pa.C.S.A. § 702(b). After the application was denied by operation of law, the Clemm Appellants filed a petition for permission to appeal in this Court in accordance with Pa.R.A.P. 1311(b). This Court granted the Clemm Appellants permission to appeal from the interlocutory order.

insurance policies for approximately 20 years. The Nationwide Defendants have provided insurance coverage for W.B. Homes since 2002.

On July 29, 2020, W.B. Homes filed a complaint alleging causes of action in negligence and negligent misrepresentation against the USI Defendants. Essentially, W.B. Homes asserted that it had failed to request that Nationwide provide coverage against claims of defective construction because the USI Defendants incorrectly advised it that the Nationwide insurance policy would not cover claims for contractor or subcontractor defects. W.B. Homes claimed that because of this misinformation, it incurred over $2 million in costs to defend against claims that should have been covered under the Nationwide policies.

W.B. alleged that in 2019, W.B. Homes again asked Goepfrich whether its insurance policy would cover claims for contractor and subcontractor defects. Goepfrich informed W.B. Homes that such claims would be, and historically had been, covered by the insurance policies. W.B. Homes submitted open claims to the Nationwide Defendants at that time. Further, W.B. Homes submitted a remediation claim to the Nationwide Defendants, seeking repayment for the claims W.B. Homes had defended itself. The Nationwide Defendants denied payment based on untimely notification of the remediation claims.

The USI Defendants filed an answer and new matter. In the new matter, the USI Defendants argued W.B. Homes had failed to join an indispensable

party, *i.e.*, the attorneys who represented W.B. Homes in its defense against the homeowners' subcontractor claims prior to 2019. The USI Defendants also advanced a counterclaim seeking dismissal of the complaint against them, along with costs and attorneys' fees.

On October 27, 2020, the USI Defendants filed a joinder complaint against the Clemm Appellants alleging contribution and indemnification. The USI Defendants claimed the Clemm Appellants had failed to review W.B. Homes's insurance policies or advise W.B. Homes that it should notify the Nationwide Defendants of the subcontractor claims. These allegations include theories that the Clemm Appellants are solely liable to W.B. Homes, or in the alternative, that the Clemm Appellants and the USI Defendants are jointly liable.

In response, the Clemm Appellants filed preliminary objections asserting lack of standing, failure to state a claim upon which relief can be granted, and improper service of the joinder complaint. The trial court subsequently issued an order overruling the Clemm Appellants' preliminary objections and directing the Clemm Appellants to file an answer to the joinder complaint. The trial court, relying on **Somers v. Gross**, 574 A.2d 1056 (Pa. Super. 1990), concluded joinder of the Clemm Appellants is appropriate because "the allegations in the joinder complaint, when read with [W.B. Homes's] complaint, raise a question common to the parties—who, if anyone, is responsible for giving W.B. Homes alleged improper insurance coverage

advice." Trial Court Opinion, 2/11/22, at 5. This interlocutory appeal by permission followed.

On appeal, the Clemm Appellants argue joinder is inappropriate because the USI Defendants, in their joinder complaint, allege claims that are distinct from those asserted in W.B. Homes' original complaint. *See* Appellants' Brief at 11, 13. Additionally, the Clemm Appellants argue the USI Defendants' indemnity claim does not permit joinder because the USI Defendants, as the joining party, cannot be deemed secondarily liable for the attorneys' alleged malpractice. *See id.* at 13; *see also id.* ("USI [Defendants] will not be vicariously liable or otherwise liable by operation of law for legal malpractice by [the Clemm Appellants].").

The Clemm Appellants highlight the difference between the claims in the original complaint and the claims in the joinder complaint:

> The claims by [W.B. Homes] against the USI [Defendants] are for negligence and negligent misrepresentation for erroneously informing [W.B. Homes] in 2010 that the homeowner claims were not covered by insurance and for not submitting the claims to the [Nationwide Defendants] for coverage. [The Clemm Appellants were] joined for not correcting [the USI Defendants'] erroneous advice.

*Id.* at 16-17; *see also id.* at 20 (arguing the USI Defendants did not allege that the Clemm Appellants were the source of erroneous information concerning the insurance policy).

In contrast, the USI Defendants contend the joinder complaint addresses the same underlying issue, *i.e.*, "whether the USI Defendants or

the Clemm [Appellants] breached a duty to inform W.B. Homes that there might be coverage for the construction-defect claims under the commercial liability policies and caused the harm alleged in the underlying Complaint." Appellees' Brief at 11. The USI Defendants emphasize W.B. Homes suffered the singular loss of not having their insurance coverage applied to subcontractor claims. *See id.* at 14. The USI Defendants laud the trial court's application of *Somers*, arguing the continuation of the instant case will determine which party or parties are responsible for W.B. Homes's harm. *See id.* at 14-19.

Alternatively, the USI Defendants claim they and the Clemm Appellants are joint tortfeasors. *See id.* at 19. The USI Defendants assert both parties had the same duty to W.B. Homes, and the same evidence would be relevant as to each tortfeasor. *See id.* at 20-21. The USI Defendants also claim "[t]he injury in this case is caused by the failure to timely submit the claims to the insurer, whether based on the alleged misrepresentation of Goepfrich or the failure to advise on the policies by the Clemm [Appellants]." *Id.* at 21. According to the USI Defendants, the Clemm Appellants had an independent duty to evaluate the relevant insurance policies and advise W.B. Homes accordingly. *See id.* at 22.

We review an order overruling preliminary objections for an error of law. *See Feingold v. Hendrzak*, 15 A.3d 937, 941 (Pa. Super. 2011).

> When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as

the trial court. Preliminary objections in the nature of demurrer test the legal sufficiency of the complaint. When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom.

*Id.* (citation and paragraph break omitted).

Pennsylvania Rule of Civil Procedure 2252 governs joinder of additional defendants, and provides, in relevant part, as follows:

**Rule 2252. Right to Join Additional Defendants**

(a) Except has provided by Rule 1706.1 [governing joinder and cross-claims in class actions], any party may join as an additional defendant any person not a party to the action who may be

(1) solely liable on the underlying cause of action against the joining party, or

*Note*: The term "underlying cause of action" refers to the cause of action set forth in the plaintiff's complaint or the defendant's counterclaim.

(2) liable to or with the joining party on any cause of action arising out of the transaction or occurrence or series of transactions or occurrences upon which the underlying cause of action against the joining party is based.

*Note*: Subdivision (a)(2) permits a joining party to join an additional defendant who may be liable over on the underlying cause of action against the joining party or jointly and severally liable with the joining party.

Pa.R.C.P. 2252(a)(1), (2).[3] Further, "[t]he rule permitting the joinder of additional defendants is to be broadly construed to effectuate its purpose of

_____

[3] We note that Rule 2252(a) has been amended since the decisions we discuss below. While the overall content of the Rule remains the same, the current
*(Footnote Continued Next Page)*

avoiding multiple lawsuits by settling in one action all claims arising out of the transaction or occurrence which gave rise to the plaintiff's complaint." **Kessock v. Conestoga Title Ins. Co.**, 194 A.3d 1046, 1052 (Pa. Super. 2018) (citation and quotation marks omitted).

First, as noted above, a party may join an additional defendant who is solely liable on the underlying cause of action. The "'underlying cause of action' refers to the cause of action set forth in the plaintiff's complaint or the defendant's counterclaim." Pa.R.C.P. 2252(a)(1), Note; **see also Somers**, 574 A.2d at 1058 (explaining that when assessing the "underlying cause of action" for purposes of Rule 2252, courts have traditionally considered "the harm of which the plaintiff complains"). If the additional defendant's alleged liability is related to the plaintiff's underlying cause of action, "joinder is permissible because joinder allows the court to evaluate all possible sources of the plaintiff's harm in one action…." **202 Island Car Wash, L.P. v. Monridge Const., Inc.**, 913 A.2d 922, 927 (Pa. Super. 2006). However, joinder is not permitted where the allegations in the joinder complaint "relate to different harms to be proven with different evidence as to different occurrences happening at different times." **Somers**, 574 A.2d at 1060-61.

_____

version of the Rule is divided into additional subsections. We have found no authority to support any inference that the changes in the Rule were intended to have a substantive effect instead of merely clarifying and reorganizing the text.

In **Somers**, the plaintiffs filed a professional negligence action against their certified public accountant and his accounting firm for providing allegedly improper tax advice. **See Somers**, 574 A.2d at 157. The accountant defendants filed a joinder complaint to join the plaintiffs' attorney, arguing the plaintiffs had instead relied on their attorney's tax advice, and the attorney was solely liable to plaintiffs. **See id.**

The panel concluded the necessary identities were met to establish that the joinder complaint was based on the same "underlying cause of action":

> [T]he plaintiffs' complaint alleges negligence, and so does the joinder complaint; the plaintiffs' action alleges improper tax advice as to plaintiffs' 1984 taxes, and so does joinder complaint; the plaintiffs' complaint alleges harm in the form of penalties and fees incurred because of the improper tax filings made by plaintiff in reliance on professional tax advice, and so does the joinder complaint. The transactions involved and the evidence pertinent thereto are the same in time and nature.

**Id.** at 1059-60. They also observed that "[e]vidence of that course of events will necessarily include both evidence of accountants' involvement and the attorney's involvement in the handling of plaintiffs' [] taxes and evidence as to which of these professionals plaintiffs relied upon in deciding how to estimate those taxes." **Id.** at 1058-59. The panel therefore concluded joinder was required under the circumstances. **See id.** at 1061.

We conclude the facts here are distinguishable from **Somers** on all four identities. First, we recognize the harms alleged in the original complaint and the joinder complaint are arguably the same, as they relate to the lack of insurance coverage through the Nationwide Defendants. However, we

conclude that the record before us does not establish this identity with any certainty.[4] Specifically, we observe that the current record cannot establish that the Clemm Appellants were retained by W.B. Homes to review W.B. Homes's insurance coverage.

Further, the record cannot establish that the Clemm Appellants were retained by W.B. Homes for all the claims at issue. In their joinder complaint, the USI defendants allege that the Clemm Appellants "represented W.B. Homes in some or all of the claims brought by homeowners" referenced in W.B. Homes's complaint. **See** Joinder Complaint, 10/27/20, at ¶ 19 (footnote omitted).[5] At the very least, then, the USI defendants have failed to establish

---

[4] We note that one recurring issue with applying **Somers** to this case is the distinct procedural posture of **Somers**. The **Somers** panel was reviewing an order that granted the attorney defendant's motion for summary judgment. **See id**., at 511-12. The panel noted that "the proper challenge to joinder is by way of preliminary objection to the joinder complaint[,]" but that the accountant defendants had waived the issue on appeal by not preserving it in their Pa.R.A.P. 1925(b) statement. **Id**., at 512 n.2. While the **Somers** opinion is not explicit on how this fact was established, it treats as fact that the attorney defendant was engaged in providing tax advice to the plaintiffs. Here, we review a much less developed record, and perhaps most importantly, a record devoid of the Clemm Appellants' answer to the joinder complaint. It seems likely that, in practice, **Somers** represents circumstances that will rarely be repeated in the context of a challenge to a joinder complaint.

[5] In the omitted footnote, the USI defendants allege that they have requested "a list of at-issue claims and the names of those counsel who represented W.B. Homes[,]" and noted that W.B. Homes had not responded to that request. As we acknowledge in fn.4 above, we appreciate the significance of requiring the USI defendants to have knowledge of W.B. Homes's relationships with attorneys at this stage of litigation. However, this appreciation cannot overcome our duty to apply the law to the record before us.

that the Clemm Appellants may have liability for all of the harms alleged by W.B. Homes in the underlying complaint. Therefore, the first **Somers** identity does not exist on the record on appeal.

We therefore turn to the second **Somers** identity: whether the claims require the same evidence. In the original complaint, W.B. Homes raised negligence and negligent misrepresentation claims, asserting that the USI Defendants misadvised W.B. Homes concerning their insurance coverage. **See** Complaint, 7/29/20, at ¶¶ 68-86. To support these claims, W.B. Homes was required to allege that the USI defendants had breached "a legally recognized duty or obligation [to W.B. Homes] that is causally connected to actual damages." **Scampone v. Highland Park Care Center, LLC**, 57 A.3d 582, 596 (Pa. 2012). W.B. Homes's complaint alleges that the USI defendants "acted as [W.B. Homes's] insurance broker and owed a duty to [W.B. Homes] to discuss, obtain and administer insurance policies for [W.B. Homes] in a reasonable and competent fashion." Complaint, 7/29/20 at ¶¶ 70, 79. In turn, the USI Defendants admit that

> Goepfrich, as a representative of USI … has provided insurance broker services to W.B. Homes. [Further,] those services include the provision of a detailed written annual Proposal which was presented to [W.B. Homes's] management and discussed in detail at multiple meetings prior to [W.B. Homes's] final decisions with regard to policies, coverages and limits it elected to purchase.

**Id.** at ¶ 79. Therefore, it is undisputed that the USI Defendants were acting as insurance brokers for W.B. Homes at the relevant times, and any relevant duty arose from that relationship. **See Gibst v. Ernst**, 647 A.2d 882, 890 (Pa.

1994) (observing that a negligent misrepresentation claim, like any negligence claim, is premised on the existence of duty owed by the defendant to the plaintiff).

Generally, the relationship between an insurance broker and a client is an arm's length business relationship. *See Wisniski v. Brown & Brown Ins. Co. of PA*, 906 A.2d 571, 579 (Pa. Super. 2006). Accordingly, W.B. Homes's claims against the USI Defendants, while sounding in negligence, are grounded in the contract, explicit or implied, between W.B. Homes and USI.

Finally, the negligence asserted by W.B. Homes is based on its allegation that the USI Defendants provided the incorrect information about the scope of the Nationwide policies at the "2010 Annual Meeting" between the USI Defendant and W.B. Homes. *See* Complaint, 7/29/20, at ¶ 72. W.B. Homes claims that this misrepresentation caused it to suffer significant monetary losses in the form of payments to homeowners and attorneys for claims "from approximately 2010" to 2020. *Id.* at ¶ 21.

In contrast, the USI Defendants advanced a professional negligence claim against the Clemm Appellants.[6] The USI Defendants alleged that the Clemm Appellants represented W.B. Homes "in some or all of the claims

---

[6] The USI Defendants did not specifically mention professional negligence or malpractice. However, the USI Defendants generally alleged the Clemm Appellants acted negligently and breached their duty to their client, W.B. Homes. The USI Defendants also filed certificates of merit for each of the Clemm Appellants. *See generally* Pa.R.C.P. 1042.3 (requiring a certificate of merit be filed in an action alleging professional negligence).

brought by homeowners" from 2010 to 2020. *See* Joinder Complaint, 10/27/20, at ¶ 19. The USI Defendants then assert that W.B. Homes's harm was the result of the Clemm Appellants' failure to review the Nationwide policies and advise W.B. Homes that it may have coverage for the claims. *See id.* at ¶¶ 26, 35-37. The USI Defendants also argued W.B. Homes did not submit the claims to the Nationwide Defendants because the Clemm Appellants failed to advise W.B. Homes about their coverage. *See id.* at ¶¶ 21-28, 35-36.

Much like W.B. Homes's negligence claims against the USI Defendants, the joinder complaint sets forth a negligence claim grounded in a contract between the Clemm Appellants and W.B. Homes. *See Gorski v. Smith*, 812 A.2d 683, 694 (Pa. Super. 2002) (observing that "when an attorney enters into a contract to provide legal services, there automatically arises a contractual duty on the part of the attorney to render those legal services in a manner that comports with the profession at large."). We note that neither W.B. Homes's contract with the USI Defendants nor its contract with the Clemm Appellants is currently in the record. But there is no evidence or allegation that the Clemm Appellants were parties to the contract with the USI

Defendants. Similarly, there is no evidence or allegation that the USI Defendants were parties to the contract with the Clemm Appellants.[7]

Therefore, the USI Defendants have failed to establish that the joinder claim is based on the same contract as the claim in W.B. Homes's initial complaint. As such, they cannot establish that the joinder claim would require the same evidence as W.B. Homes's claim, as the claims are not based on the same contract. Each claim would be controlled by different terms applicable to the different parties.

Further, a cause of action in legal malpractice is entirely distinct from causes of action in ordinary negligence and negligent misrepresentation. **See Austin J. Richards, Inc. v. McClafferty**, 538 A.2d 11, 16 (Pa. Super. 1988) (in an interference with contract and slander of title action arising from a real estate dispute, this Court concluded plaintiff's attorneys could not be joined as additional defendants under a theory of professional negligence because it was "an entirely separate cause of action"). A malpractice claim generally requires expert testimony to establish the duties owed by the attorney to the client, whereas plain negligence and negligent misrepresentation claims do not generally require expert testimony.

_____

[7] In fact, we acknowledge the possibility that neither contract is in writing. Despite this, we conclude there was at least a contract implied in fact between: (a) W.B. Homes and the USI Defendants; and (b) W.B. Homes and the Clemm Appellants. **See Bricklayers of W. Pennsylvania Combined Funds, Inc. v. Scott's Dev. Co.**, 90 A.3d 682, 695-96 (Pa. 2014).

Finally, we emphasize that the breaches of duty alleged in the joinder complaint relate to different occurrences at different times than those alleged in W.B. Homes's initial complaint. W.B. Homes alleged that the USI Defendants breached their duty at the annual meeting in 2010. In contrast, the USI Defendants claim that the Clemm Appellants breached their duties over the course of multiple homeowner claims spanning most of the ensuing decade. As a result, the USI defendants' claims necessarily require significantly different evidence from the evidence necessary for W.B. Homes's claims.

In turn, these circumstances control our conclusions on the third and fourth **Somers** identities, whether the claims are based on different occurrences at different times. As noted above, W.B. Homes's claims are based on statements allegedly made by Goepfrich in 2010. In contrast, the USI defendants' claims are based on alleged attorney malpractice over the course of the ensuing decade. These are clearly different occurrences at different times.

Accordingly, the considerations set forth in **Somers** are not met here, and the USI Defendants' legal malpractice claim is not clearly related to the causes of action W.B. Homes asserted in the original complaint. **See Olson v. Grutza**, 631 A.2d 191, 197 (Pa. Super. 1993) (stating that "joinder is permitted only as long as the additional defendant's alleged liability is related to the claim which the plaintiff asserts against the original defendant."

(citation, brackets, and quotation marks omitted)). Therefore, the Clemm Appellants cannot be joined on the grounds that, as legal counsel, they are solely liable to W.B. Homes.

The USI Defendants also alleged, in the alternative, that the Clemm Appellants share joint liability due to their failure to advise W.B. Homes about their insurance coverage. *See* Joinder Complaint, 10/27/20, at ¶¶ 30-33. Once again, we must consider whether the cause of action asserted in the joinder complaint arises out of the same transaction or occurrence as the cause of action asserted in the underlying cause of action. *See* Pa.R.C.P. 2252(a)(2). And we conclude that the *Somers* identities apply to this question whether it arises under subsection (a)(1) or (a)(2).

As set forth above, the claims in the joinder complaint do not arise out of the same transaction or occurrence as those set forth in the initial complaint. Once again, we note that the record before is not clear that the Clemm Appellants are even potentially liable for all of W.B. Homes's damages. But even if we were to assume that the Clemm Appellants (a) were retained to provide insurance coverage review, and (b) represented W.B. Homes in connection with all the underlying claims, we would find that the breaches leading to liability occurred at distinct occasions over the course of nearly a decade.

Based upon these significant differences in causes of action, time, and factual context, we conclude that joinder of the Clemm Appellants based on a

theory of joint liability under Rule 2252(a)(2) is inappropriate. ***See Goodman v. Kotzen***, 647 A.2d 247, 251-52 (Pa. Super. 1994) (concluding that, although both the plaintiffs and joining defendants alleged professional malpractice claims, joinder was not proper because the claims alleged different factual bases). An analysis of each party's potential negligence would necessarily involve different evidence. ***Cf. Somers***, 574 A.2d at 1060 (claims in the underlying complaint and joinder complaint arose from the same course of events where "[t]he transactions involved and the evidence pertinent thereto are the same in time and nature."). The claims asserted in the joinder complaint did not arise from the same transaction or occurrence that gave rise to the underlying cause of action, and therefore, the trial court erred by permitting joinder of the Clemm Appellants.

Based upon the foregoing, joinder of the Clemm Appellants as additional defendants in this matter is inappropriate under Rule 2252. The trial court erred by overruling the Clemm Appellants' preliminary objections to the USI Defendants' joinder complaint. Therefore, we reverse the trial court's order overruling the Clemm Appellants' preliminary objections and remand to the trial court for additional proceedings.

Order reversed. Case remanded for further proceedings consistent with this Memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/12/2022