574 A.2d 1056

**Joseph V. SOMERS and Elizabeth A. Somers**

v.

**Stephen I. GROSS and Gross & Wittenberg, Appellant,**

v.

**Edward FACKENTHAL and Rainer & Company.**

Superior Court of Pennsylvania.

Argued Nov. 28, 1989.

Filed March 28, 1990.

Reargument Denied June 8, 1990.

Andrew Fylypovych, Philadelphia, for appellant.

Jeffrey B. Albert, Philadelphia, for Fackenthal, appellee.

Before CAVANAUGH, BECK and BROSKY, JJ.

BECK, Judge:

The issue presented is whether, in a professional negligence action against accountants, the accountant defen-

dants may join the plaintiffs' attorney as an additional defendant on the theory that the attorney is solely liable to the plaintiffs on the cause of action alleged. We hold that the attorney may be joined.

On January 16, 1986, Joseph V. and Elizabeth A. Somers ("plaintiffs') filed a professional negligence action against defendants-appellants, Stephen I. Gross, a certified public accountant, and Gross & Wittenberg, his accounting firm (hereinafter collectively referred to as "the accountant defendants"). The gravamen of the complaint was that the accountant defendants had given improper tax advice to plaintiffs and negligently miscalculated certain 1984 estimated income tax liabilities of plaintiffs to the Internal Revenue Service in 1984.

Shortly thereafter, the accountant defendants filed a joinder complaint in which they sought to join the plaintiffs' attorney, Edward Fackenthal, as an additional defendant. The joinder complaint alleged that the plaintiffs had in fact relied on the advice of their attorney, not of the accountant defendants, in regard to their 1984 taxes. Therefore, any loss plaintiffs had incurred as a result of their 1984 tax filings was the result of the attorney's professional negligence. The joinder complaint alleged that the attorney was solely liable to plaintiffs on the cause of action they had pled in their original complaint. It did not allege that the attorney was liable over to the accountant defendants, nor did it allege that the attorney was jointly or severally liable with the accountant defendants.[1]

Discovery proceeded until, on June 28, 1988, the attorney defendant filed a motion for summary judgment. The motion alleged that the material facts were not in dispute and that the attorney had no liability for the harm suffered by plaintiffs. In the brief in support of the motion, the attorney defendant argued, *inter alia*, that his joinder was

---

1. The accountant defendants also sought to join as an additional defendant another accounting firm retained by plaintiffs at some time after their employment of the accountant defendants had ended. Neither the liability of that accounting firm nor the propriety of its joinder is at issue in this appeal.

improper under Pennsylvania Rule of Civil Procedure 2252(a). After hearing, the trial court granted the attorney defendant's motion on the ground that his joinder was impermissible. In doing so, the trial court relied on two cases in which panels of this court had refused to allow the joinder of the plaintiff's attorney as an additional defendant. *See Austin J. Richards, Inc. v. McClafferty*, 371 Pa.Super. 269, 538 A.2d 11, *allo. denied*, 549 A.2d 131, 136 (1988); *Mentzer & Rhey, Inc. v. Ferrari*, 367 Pa.Super. 123, 532 A.2d 484 (1987), *allo. denied*, 542 A.2d 1369–70 (1988).

On appeal, the accountant defendants argue that the express language of Rule 2252(a) permits joinder of the attorney defendant in this case. They emphasize that the joinder complaint alleged only that the attorney defendant was solely liable to plaintiffs for professional negligence, which is the selfsame cause of action pleaded by plaintiffs against the accountant defendants. Further, the accountant defendants argue that the cases relied upon by the trial court are factually distinguishable.[2]

In contrast, the attorney defendant argues that joinder is not permissible because Pennsylvania law does not recognize a cause of action for professional negligence by a non-client third party against an attorney. Further, the attorney defendant argues that both the cases relied upon by the trial court and sound policy reasons forbid joinder of a plaintiff's attorney in a situation like the instant one. Finally, the attorney defendant urges that the cause of action pleaded by the plaintiffs is distinct from that asserted in the joinder complaint and, thus, that the joinder is not

**2.** The accountant defendants also argue that the attorney defendant waived the right to object to the joinder complaint by failing to raise this issue in preliminary objections to the joinder complaint or in new matter. However, we cannot consider this argument because the accountant defendants themselves failed to preserve this issue on appeal by failing to include a reference to it in their Pennsylvania Rule of Appellate Procedure 1925(b) Concise Statement of Matters Complained of on Appeal, Pa.R.A.P.1925(a), and by failing to include it in the Statement of Questions section of their appellate brief. Pa.R.A.P. 2116(a). We note, however, that the proper challenge to joinder is by way of preliminary objection to the joinder complaint. Pa.R.C.P. 1017(b).

within the parameters of permissible joinder set forth in Rule 2252(a).

> Pennsylvania Rule of Civil Procedure 2252(a) provides: In any action the defendant or any additional defendant may, as the joining party, join as an additional defendant any person whether or not a party to the action who may be alone liable or liable over to him on the cause of action declared upon by the plaintiff or jointly or severally liable thereon with him, or who may be liable to the joining party on any cause of action which he may have against the joined party arising out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based.

Pa.R.C.P. 2252(a).

This rule is to be "broadly construed to effectuate its purpose of avoiding multiple lawsuits by settling in one action all claims arising out of the transaction or occurrence on which the plaintiff's cause of action is based." *Garrett Electronics Corp. v. Kampel Enterprises, Inc.*, 382 Pa.Super. 352, 555 A.2d 216, 217 (1989).

■■ Given the clear language of the rule, and the principle of broad construction which we are required to apply, we find that the joinder sought by the accountant defendants in the instant case is unmistakably permitted by the rule. The rule permits joinder of any person "who may be alone liable ... on the cause of action declared upon by the plaintiff ...". This is precisely the type of joinder sought by the accountant defendants when they sought to join the attorney defendant on the single theory that he *alone* was liable *to the plaintiffs* for professional negligence which resulted in the asserted harm to plaintiffs consisting of various tax penalties and other associated fees. Since the allegations of the joinder complaint do not include any allegation that the attorney defendant is liable to the accountant defendants, but only that he is liable to plaintiffs, whether Pennsylvania law permits third party professional negligence suits against attorneys is irrelevant. The ac-

countant defendants are not alleging that the plaintiffs' attorney is liable to the accountant defendants.

Moreover, there is no tenable argument that the cause of action pleaded by plaintiffs is in any material way different from the cause of action pleaded by the accountant defendants in their joinder complaint. The requirement of Rule 2252(a) that joinder on the ground that the joined party is solely liable to the plaintiff "on the cause of action declared upon by the plaintiff," has been broadly construed to mean ". . . the harm of which the plaintiff complains." *Garrett*, 382 Pa.Super. 352, 555 A.2d at 217. Thus, for example, in *Incollingo v. Ewing*, 444 Pa. 263, 299, 282 A.2d 206 (1971), where plaintiff's decedent sued a pharmacist for supplying a drug which led to decedent's death, the Supreme Court allowed the defendant to join the manufacturer of the drug and two doctors who had prescribed the drug based on the allegation that they were liable to plaintiff on the cause of action plaintiff alleged. The Court stated that the phrase "cause of action", as used in Rule 2252, cannot be taken too literally. Rather, the Court required only that the "additional defendant's liability [be] related to the original claim which plaintiff asserts against the original defendant . . ." *Id.*, 444 Pa. at 290, 282 A.2d at 220.

In the case *sub judice*, the plaintiffs' cause of action, i.e. the harm of which plaintiffs complain, consists of professional negligence in the form of allegedly improper tax advice and related services regarding plaintiffs' 1984 taxes, resulting in tax penalties and fees. This is precisely what the joinder complaint alleges against the attorney defendant. There was one course of events leading to plaintiffs' alleged harm. Evidence of that course of events will necessarily include both evidence of the accountants' involvement and the attorney's involvement in the handling of plaintiffs' 1984 taxes and evidence as to which of these professionals plaintiffs relied upon in deciding how to estimate those taxes. Just as in *Incollingo v. Ewing*, where the central common question raised by the plaintiff's complaint and the joinder complaint was who was responsible for the dece-

dent's ingesting a drug which caused her death, here the central common question is who is responsible for giving the plaintiffs improper tax advice on which they relied and which caused their liability for penalties and fees.

Cases relied upon by the trial court and the attorney defendant on appeal do not compel a different result. First, as to the proper interpretation of the phrase "cause of action" as used in Rule 2252(a), the attorney defendant refers us to *Garrett, supra.* Although *Garrett* did not involve an attempt to join plaintiff's attorney, the attorney defendant contends that its analysis of the meaning of "cause of action" as this phrase is used in Rule 2252(a) is equally applicable herein.

In *Garrett,* a lessee commenced an action against its lessors to recover for property damage and business losses sustained when the roof collapsed on the leased property. With the lessee's approval, the lessor joined as additional defendants both the lessee's property insurer and the lessee's insurance broker. The insurer objected to joinder and the trial court dismissed the joiner complaint as not complying with Rule 2252(a). *Id.* 382 Pa.Super. at 352, 555 A.2d at 216.

This court affirmed on the ground that the joinder complaint did not satisfy the requirement of Rule 2252(a) that, where the joinder is premised on the claim that the person sought to be joined is jointly or solely liable *to plaintiff,* then the joinder complaint must allege that the joined party is liable on the same cause of action as was pled by the plaintiff. The court reasoned as follows:

In the instant case, the defendant lessors, by joining Hartford [the insurer] as an additional defendant, sought to have the plaintiff-lessee litigate a separate cause of action against its insurance company. The plaintiff-lessee's action against its lessors had been based upon alleged negligence in the maintenance of the demised premises. The defendant-lessors sought to force the plaintiff to litigate in the same action the insurance coverage issue. This issue depends on the terms of the

insurance policy written by the additional defendant insurer. The maintenance of the premises by the landlord and the coverage purchased by the lessee from its insurance company are distinct transactions. The evidence which will establish the lessor's duty to their tenant is separate and distinct from the evidence which will determine the type of coverage provided to the lessee by its insurer. In such a situation joinder is inappropriate.

*Id.,* 382 Pa. Superior Ct. at 354, 555 A.2d at 217.

We find no analogy between *Garrett* and the instant case. Clearly in *Garrett* the gravamen of the plaintiff's action against the lessor and of the joinder complaint against the insurer and the insurance broker were different. The plaintiff's action alleged negligence, whereas the joinder complaint alleged breach of contract; the plaintiff's action alleged failure to maintain the property, whereas the joinder complaint alleged failure to indemnify under the policy; the plaintiff's action alleged harm in the form of having to repair the property and sustaining business losses, whereas the joinder complaint alleged harm in the form of not being covered for those sums under the policy. As the *Garrett* court noted, the transactions involved and the evidence pertinent thereto were entirely different in time and nature.

In contrast, in the instant case the plaintiffs' complaint alleges negligence, and so does the joinder complaint; the plaintiffs' action alleges improper tax advice as to plaintiffs' 1984 taxes, and so does the joinder complaint; the plaintiffs' complaint alleges harm in the form of penalties and fees incurred because of the improper tax filings made by plaintiff in reliance on professional tax advice, and so does the joinder complaint. The transactions involved and the evidence pertinent thereto are the same in time and nature.

Equally unpersuasive is the reference both by the trial court and by the attorney defendant to *Austin J. Richards, Inc. v. McClafferty,* 371 Pa.Super. 269, 538 A.2d 11, *allo. denied,* 549 A.2d 131, 136 (1988). *Austin* arose from a dispute over a transfer of title to real estate. Summarily

stated, the facts were that while the owner of the property was negotiating with Austin J. Richards, Inc. for the sale of the property to it, the owner received a better offer from another buyer, Infil Corporation, and accepted it. Richards then sued the owner, alleging that she had already agreed, through her attorneys, to sell to Richards and had breached her resulting contract with Richards. The trial court entered summary judgment for the owner, which a panel of this court affirmed. *Id.* 371 Pa.Super. at 272–274, 538 A.2d at 13–4.

The joinder issue in *Austin* arose in connection with a related dispute between the owner and Richards. After the owner accepted Infils' offer, Richards filed a lis pendens on the property. Thus, Infils was unable to obtain title insurance and the closing on the sale of the property to Infils was delayed. The owner then sued Richards' sole shareholder, Mr. Nernberg, for damages resulting from this delay, alleging slander of title and interference with contractual relations. The defendant sought to join the owner's attorneys, alleging that they had improperly advised the owner not to settle the dispute over title to the property and that is what caused her harm.

The *Austin* court refused to permit the joinder, finding it to be outside the bounds of Rule 2252(a). The court reasoned first that there could be no joinder on the ground that the attorneys were directly liable to Nernberg because Nernberg was not the attorneys' client. The court also refused to allow joinder of the type involved in the instant case, i.e. on the ground that the attorneys were solely liable to the owner, their client, on the cause of action alleged by the owner against Nernberg because the joinder complaint did not allege the same cause of action as was alleged by the owner. The court stated:

> ... [Rule 2252(a)] does not permit the joinder of plaintiff's attorneys on the grounds that their malpractice in recommending rejection of an offer of settlement has contributed to the plaintiff's loss. This is an entirely separate cause of action and cannot be made the basis for

joining the attorneys as additional defendants. Counsel's malpractice, even if it existed, would not render them jointly liable with defendant on the cause of action alleged by the plaintiff, and plaintiff, apparently satisfied with the services rendered by her attorneys, has not made any claim against her attorneys. To permit the defendant to join the attorneys as additional defendants on the grounds that their advice regarding settlement contributed to plaintiff's loss would have unfortunate consequences. *The rule does not permit it and neither do we.*

*Id.,* 371 Pa. Superior Ct. at 276–278, 538 A.2d at 15 (emphasis added).

We recognize, as the trial court herein suggested, that the foregoing language might well be interpreted to establish that the joinder of a plaintiff's attorney under Rule 2252(a) will never be countenanced. However, we do not view *Austin* as intending to establish such a generally applicable principle and, even if we did, we would regard such language as dicta which is clearly inconsistent with the language of the rule itself. In fact, the most pertinent aspect of *Austin* for our purposes is the last statement of the quoted material above, wherein the court found that the *rule* did not permit joinder in *Austin* because the joinder complaint alleged liability of the attorney on a cause of action different from that pleaded by the plaintiff against Nernberg. We agree with this conclusion because in *Austin,* the plaintiff sued Nernberg for interference with contract and slander of title, whereas the joinder complaint alleged professional negligence by the attorneys. As in *Garrett,* these allegations relate to different harms to be proven with different evidence as to different occurrences happening at different times. In contrast, in the instant case, the rule does permit joinder because, as we have amply demonstrated above, the cause of action alleged in the original complaint and in the joinder complaint is the same.[3]

**3.** Both the trial court and the attorney defendant also rely on *Mentzer & Rhey, Inc. v. Ferrari,* 367 Pa.Super. 123, 532 A.2d 484 (1987), *allo.*

Given this conclusion, we cannot disallow the joinder based on the policy considerations allegedly counselling against such joinder which are urged by the attorney defendant. These policy considerations relate to the alleged chilling effect such joinder would have on attorneys in rendering advice to their clients respecting the advisability of suing non-attorney professionals for negligence as to any transaction in which it might be asserted that the attorney herself was involved. The argument is that if the attorney knows that she may be joined by the original defendant in the negligence suit, she will not advise her client to institute suit at all. This is perhaps the "unfortunate consequence" to which the *Austin* court referred when it disallowed joinder of plaintiff's attorney in the case before it. *Austin, supra.* Although we are compelled to comment that we find the possibility of such a chilling effect rather attenuated, even if we found this to be a real concern, we could not disallow joinder in this case in reliance on it. The rule permits this joinder and we are not free to disregard the express language of the rule.[4]

*denied,* 542 A.2d 1369–70 (1988). However, as the trial court itself noted, *Mentzer* is factually distinguishable from the case at bar. In *Mentzer,* the plaintiff bought property from the original defendant and later discovered a defect on the property which the original defendant had allegedly fraudulently concealed. The original defendant attempted to join the plaintiff's attorney as an additional defendant on the theory that the attorney, having done the title search and not having discovered the defect, was either jointly or solely liable to plaintiff. The *Mentzer* court refused to permit the joinder on several theories. First, it noted that the attorney could not be liable to the original defendant who was not its client. Second, it noted that the attorney could only be held secondarily liable to plaintiff, for having failed to discover the defect caused by the original defendant, and that Rule 2252(a) did not allow joinder of additional defendants who were only secondarily liable.

This case is clearly inapposite to the instant case. There is here no allegation of liability by the attorney defendant directly to the accountant defendants, nor is there any question of liability over by way of indemnification between primarily and secondarily liable defendants.

4. Appellee, the attorney defendant, also argues on appeal that even if his joinder is appropriate, the facts relating to the substantive question of liability are not in dispute and that he is entitled to summary judgment as a matter of law. We note that the trial court appeared to disagree with this statement when it noted, in the opening portion of

The order of the trial court is reversed. The case is remanded to the trial court for further proceedings not inconsistent with this opinion. Jurisdiction relinquished.

its opinion, that "[t]he parties do not agree as to the cause of the injury." However, the trial court did not actually dispose of this ground for summary judgment, having granted summary judgment for the attorney defendant on the alternative ground of improper joinder.

We do not address the question of whether there are any material facts in dispute and whether the attorney defendant is entitled to judgment as a matter of law. Resolution of this issue requires a thorough review of the materials submitted in support of and in opposition to the motion for summary judgment, which is a task better left to the trial court.