**Gettysburg Area School District v. EI Associates, Architects and Engineers PC**

C.P. of Adams County, no. 06-S-1017.

*Joel C. Hopkins,* for plaintiff.
*Michael D. Reed,* for defendant EI Associates.
*Gregory S. Hirtzel,* for defendant David Maines Associates.
*Victor P. Stabile,* for defendant Bradco Supply Corp.
*Michael P. Subak,* for defendant Wohlsen Construction.

GEORGE, *J.,* July 21, 2010—This litigation arises from the construction of a new Gettysburg Area High School which was undertaken late 1995 and substantially completed on September 15, 1997. Subsequent to completion, the roof to the new building failed permitting water to encroach upon the interior of the building. EI Associates, Architects and Engineers P.C. acted as architects for the building project. Defendant David M. Maines Associates Inc. was retained by Gettysburg Area School District as general contractor. Defendant Bradco Supply Corporation provided the shingles used in construction of the roof. Defendant Wohlsen Construction Company contracted with the School District to install the shingles. The essence of School District's claim is that EI Associates failed to perform pursuant to their

contract with School District to provide appropriate engineering services. In addition, School District claims that Bradco supplied substandard shingles while representing that they met contract specifications when, it is alleged, they did not. School District also theorizes that Bradco warranted that the shingles would perform pursuant to project specifications.

The issue currently before the court presents from a unique procedural history which originates with the commencement of this action in September 2006. At that time, School District issued a writ of summons against EI Associates and Maines. On September 12, 2006, an amended writ of summons was issued joining Bradco as a defendant. On October 19, 2006, Maines filed a rule upon School District to file a complaint. The record reveals no further action until April 27, 2007 when School District filed a second amended writ of summons joining Wohlsen as a defendant. Despite the issuance of writs naming four separate defendants, on June 27, 2008, School District filed a complaint naming only EI Associates and Bradco as defendants. The complaint was met by preliminary objections from both EI Associates and Bradco. The preliminary objections were partially granted and partially denied by order of this court dated August 4, 2009. Among the preliminary objections which were granted, was the preliminary objection of Bradco to strike the complaint for failure to comply with the Pennsylvania Rules of Civil Procedure. Specifically, the complaint was stricken due to School District informally discontinuing the causes of action against Maines and Wohlsen in violation of Pa.R.C.P. 229 which provides that discontinuance of a cause of action is only proper

with written consent of all parties or leave of court after notice to all parties.

Following ruling on the preliminary objections, School District filed an amended complaint on August 12, 2009 which included all original parties in the caption but alleged factual allegations only against EI Associates and Bradco. The causes of action against Bradco included breach of express warranty, breach of implied warranty, negligent misrepresentation, and fraudulent misrepresentation. Bradco timely filed a responsive pleading which included an answer, new matter, and a cross-claim against Maines and Wohlsen, In the cross-claim against Wohlsen, Bradco alleges Wohlsen contracted with the School District to perform certain work pursuant to contract specifications. Bradco then alleges that Wohlsen breached the terms of this contract and is solely liable for damage, if any, to School District or, in the alternative, is jointly and severally liable. Currently before the court are Wohlsen's preliminary objections to the cross-claim of Bradco.

Wohlsen's preliminary objections challenge the cross-claim upon legal insufficiency. Wohlsen argues that Bradco's cross-claim does not state a cause of action because Bradco was neither a party nor a third-party beneficiary of the contract between the School District and Wohlsen. Wohlsen further suggests that the legitimacy of the cross-claim cannot be supported under a negligence theory as the same would violate the economic loss doctrine.[1] Wohlsen finally claims that the

---

1. The economic loss doctrine provides that economic losses may not be recovered in tort (negligence) absent physical injury or property damage. *Spivack v. Berks Ridge Corporation Inc.,* 402 Pa. Super. 73, 78, 586 A.2d 402, 405 (1990).

cross-claim is improper to the extent it implies responsibility under a theory of indemnification and/or contribution.

In response, Bradco concedes that they are not pursuing a tort theory of liability in seeking to hold Wohlsen accountable. Additionally, Bradco withdraws any implication that Wohlsen is responsible under the cross-claim based upon a theory of indemnity and/or contribution. Thus, the pivotal issue is whether Bradco may properly allege against Wohlsen, as a cross-claim, the contractual liability of Wohlsen to School District in a cause of action initiated by School District which seeks to impose liability on Bradco, but not Wohlsen, under theories of breach of warranty and misrepresentation.

I will start my discussion with a review of the well recognized standards governing a court's consideration of a preliminary objection in the form of demurrer. Appellate authority firmly establishes that in ruling on preliminary objections, the court must accept as true or well-pleaded allegations of material fact as well as all inferences reasonably deducible from those facts. *Ballroom LLC v. Commonwealth,* 984 A.2d 582, 586 (Pa. Commw. 2009). Preliminary objections will be sustained only where the case is clear and free from doubt. *Rambo v. Greene,* 906 A.2d 1232, 1235 (Pa. Super. 2006). Where a doubt exists as to whether a demurrer to the complaint should be sustained, the doubt should be resolved in favor of overruling the demurrer. *R.W. v. Manzek,* 585 Pa. 335, 888 A.2d 740 (2005).

The specific demurrer raised by Wohlsen requires application of Pa.R.C.P. 1031.1 (relating to cross-claims). That rule, recently adopted on March 23, 2007, provides:

"Any party may set forth in the answer or reply under the heading 'cross-claim' a cause of action against any other party to the action that the other party may be

"(1) solely liable on the underlying cause of action or

"(2) liable to or with the cross-claimant on any cause of action arising out of the transaction or occurrence or series of transactions or occurrences upon which the underlying cause of action is based." Pa.R.C.P. 1031.1.

Under new Rule 1031.1, the claims which may be asserted in a cross-claim are identical to those which serve as a basis for joining an additional defendant under revised Rule 2252(a). See Rule 1031.1 explanatory comment. Concurrent with the adoption of Rule 1031.1, the Supreme Court amended Pa.R.C.P. 2252 (relating to right to join additional defendants) to limit the rules governing joinder of additional defendants to the joinder of persons not already parties to the action. Thus, although the rules specifically designated different rules applicable to parties versus nonparties, there appears to be no substantive difference in their effect.

Instantly, Bradco files cross-claim against Wohlsen on the theory that Wohlsen is solely liable to School District on the underlying cause of action. Bradco further denies the existence of any warranties or representations related to the quality of the shingles. Additionally, Bradco claims that the damages caused to School District are the direct result of improper installation of the shingles by Wohlsen contrary to its contract with School District. In light of these allegations, interpretation of the use of the words "cause of action" in Rule 1031.1 is pivotal to resolution of the preliminary objections. A note to Rule

1031.1 defines the term "underlying cause of action" as referring to the cause of action set forth in the complaint. Otherwise, the rules are silent as to the meaning of this phrase. Appellate authority, on the other hand, offers some insight into the resolution of this issue.

In *Derry Township School District v. Day & Zimmerman Inc.,* the Superior Court recognized that case law has defined "the plaintiff's cause of action" to mean "damages or injuries" for which the plaintiff seeks recovery. *Derry Township School District v. Day & Zimmerman Inc.,* 345 Pa. Super. 487, 493, 498 A.2d 928, 931 (1985), citing *Staub v. Southwest Butler County School District,* 263 Pa. Super. 413, 421, 398 A.2d 204, 207 (1979), *affirmed,* 489 Pa. 196, 413 A.2d 1082 (1980). In *Derry Township,* the Superior Court considered, under former Pa.R.C.P. 2252(b), whether a third party complaint was properly based on the theory that the third party was alone liable to the original plaintiff. Similar to the current factual background, the school district filed a complaint against its engineer claiming that the engineer prepared defective specifications for planned roof repairs and breached its contract to supervise the repairs. The engineer, in turn, filed a third-party complaint against the roofing company which installed the shingles used during the repair. The installer was joined on a theory that the engineer was a third-party beneficiary to the contract between the installer and the school district. The trial court found this theory to be unconvincing and sustained the installer's demurrer to the joinder complaint. In overturning the trial court, the Superior Court distinguished between the meanings of plaintiff's "cause of action" as compared to plaintiff's "theory of recovery." The Superior Court concluded that the school district's

injury flowed from a defective roof and, regardless of the respective theories of liability, the engineer's joinder complaint against the installer was proper as arising from the same "series of occurrences." In another decision, the Superior Court relied on similar reasoning. See *Somers v. Gross,* 393 Pa. Super. 509, 574 A.2d 1056 (1990). In *Somers,* the Superior Court instructed that accountants faced with a professional negligence action may properly join the plaintiff's attorney as an additional defendant on the theory that the attorney is solely liable to the plaintiff. Importantly, the joinder complaint did not allege that the attorney was liable over to the accountant defendants nor did it allege that the attorney was jointly or severely liable with the accountant defendants. In permitting the joinder, the *Somers* court interpreted Rule 2252 broadly to construe "on the cause of action declared upon by the plaintiff" to mean "the harm of which the plaintiff complains." *Id.* at 514, 574 A.2d at 1058. Thus, the *Somers* court rejected a literal interpretation of the rule in favor of a liberal construction in permitting any claim related to the original claim which plaintiff asserts against the original defendant. *Id.*

In light of the foregoing instruction, I see no reason at this point of the litigation to reach a contrary result. School District seeks damages against Bradco stemming from a defective roof on its new building. School District alleges that the roof was defective because of the installation of sub-standard shingles. In its cross-claim, Bradco essentially claims that School District's damages were not caused by the actions of Bradco but rather due to the defective installation by Wohlsen. In essence, Bradco's pleading does nothing other than seek to hold Wohlsen liable on the underlying cause of action.

I find the same to be permissible under Rule 1031.1 of the Pennsylvania Rules of Civil Procedure. Accordingly, Wohlsen's preliminary objections are dismissed.[2]

## ORDER

And now, July 21, 2010, the preliminary objections of Wohlsen Construction Company are denied. Wohlsen Construction Company is directed to file an answer to the cross-claim pursuant to the Pennsylvania Rules of Civil Procedure.

---

2. Wohlsen's preliminary objections also raise issue with the specificity of Bradco's pleading. As Bradco's pleading contains sufficient specificity to permit the parties and this court to consider the more critical issue discussed in this opinion, it is clearly sufficient to enable Wohlsen to prepare their defense. See generally, *Rambo v. Greene,* 906 A.2d 1232, 1236 (Pa. Super. 2006).