J-A09035-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JASON WINIG | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KANG, EDWARD; SCOTT, DAVID; | : | |
| AND KANG HAGGERTY & FETBROYT, | : | |
| LLC | : | No. 2108 EDA 2021 |
| | : | |
| Appellants | : | |

Appeal from the Order Entered October 6, 2021
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  2002-02465

BEFORE:  NICHOLS, J., SULLIVAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:               **FILED MAY 17, 2022**

Edward Kang, David Scott and Kang Haggarty & Feytbroyt, LLC
(collectively, Wife's Law Firm) appeal from the October 6, 2021 order of the
Court of Common Pleas of Philadelphia County (trial court) sustaining
preliminary objections and dismissing their complaint to join additional
defendants with prejudice.  We affirm.

**I.**

We glean the following facts from the certified record.  Jessica
Braverman (Wife) and Jason Winig (Husband) were in an acrimonious
marriage from 2011 to 2019.  During that time, Wife regularly recorded her

_____

[*] Retired Senior Judge assigned to the Superior Court.

conversations with Husband, allegedly without his knowledge or permission. She intended to use these recordings (the Recordings) to document verbal, emotional and physical abuse by Husband against her and their children. Husband alleges that he first learned of the recordings after filing for divorce, when Wife produced them for use in family and criminal court proceedings against him.

Wife's Law Firm represents Wife in a civil suit she filed against Husband for assault, battery, intentional infliction of emotional distress, negligent infliction of emotional distress, false imprisonment and conversion. In the complaint in that action (Wife's Complaint), Wife's Law Firm included quotes from and descriptions of the contents of the Recordings in support of Wife's claims. Husband then filed a civil action against Wife and her mother alleging that they violated the Wiretapping and Electronic Surveillance Control Act (Wiretap Act or the Act), 18 Pa.C.S. § 5701 *et seq.*, in conspiring to make the Recordings. The two civil cases were consolidated.[1]

Husband filed the instant action against Wife's Law Firm alleging that they, too, violated the Wiretap Act by using and disclosing the contents of the Recordings in the Wife's Complaint, a motion to consolidate the civil cases and

---

[1] Husband successfully sought suppression of the Recordings in the criminal case filed against him on these grounds. He has also sued the Philadelphia Office of the District Attorney, as well as the individual attorneys involved in his prosecution, for violations of the Act.

in a memorandum of law filed in opposition to his motion to disqualify Wife's Law Firm as Wife's counsel. Husband set forth three counts in his complaint: illegal disclosure of the Recordings, illegal use of the Recordings, and common law invasion of privacy. *See* 18 Pa.C.S. §§ 5703(2), (3); 5725(a). He sought statutory damages, attorneys' fees and costs.

Wife's Law Firm responded with a motion for judgment on the pleadings, which was denied. On July 27, 2020, they filed a motion for leave to join additional defendants seeking to join various of Husband's attorneys as defendants.[2] It asserted claims of contribution, claiming that these attorneys were either solely or jointly and severally liable for Husband's alleged damages. It also argued that Husband's attorneys had attached Wife's Complaint to motions and pleadings they had filed on the public docket in this and other pending cases between the parties. They reasoned that if they had violated the Wiretap Act in filing the Wife's Complaint, Husband's attorneys had necessarily done so by reproducing it numerous times on public dockets.

The Honorable Angelo J. Foglietta denied the motion to join, reasoning:

> The claims upon which [Wife's Law Firm] seek to join additional defendants are separate and distinct claims or causes of action from the instant matter and therefore, the [Wife's Law Firm] and additional defendants are not 'joint tortfeasors' which could result in the determination of joint liability for which there would be a basis for indemnity and contribution.

_____

[2] Specifically, Wife's Law Firm sought to join Ronald Greenblatt; Patricia Pierce; Harry Kane; Joshua Baker; Greenblatt, Pierce, Funt, and Flores, LLC; Brandi McLaughlin; and the Law Office of Brandi L. McLaughlin, LLC.

- 3 -

Foglietta Order, 8/27/20, at 1.

On May 5, 2021, Husband filed a motion for leave to file an amended complaint, which was later granted. The amended complaint set forth the same three counts as the initial complaint but expanded the factual scope of the suit by alleging additional, continuing and potential future violations of the Wiretap Act. It contended that Wife's Law Firm had continued to disclose the contents of the Recordings in various court proceedings and further argued that it violated the Act by not making these filings under seal.

In response, Wife's Law Firm filed a timely joinder complaint[3] pursuant to Pa. R. Civ. P. 2252, naming various counsel who represent Husband as additional defendants (collectively, Husband's Attorneys).[4] The joinder complaint asserted three counts of contribution, one for each of Husband's claims, and one count seeking equitable disgorgement of any legal fees Husband had paid Husband's Attorneys for their own actions that allegedly violated the Act. Once again, Wife's Law Firm argued that under Husband's theory of relief, Husband's Attorneys had also violated the Act and invaded his

_____

[3] Wife's Law Firm filed the first joinder complaint on June 11, 2021, and following preliminary objections by Husband, it filed an amended joinder complaint, which is at issue in this appeal. For clarity, we refer to the complaint as simply the joinder complaint.

[4] Specifically, Wife's Law Firm joined Ronald Greenblatt; Patricia Pierce; Harry Kane; Joshua Baker; Alan Yatvin; Greenblatt, Pierce, Funt, and Flores, LLC; Walter Weir; Brett Datto; Andrew Park; and Weir & Partners LLP.

privacy by attaching copies of the Wife's Complaint and other allegedly-offending documents to at least 17 pleadings in this and other cases between Husband and Wife. They point out that some of these filings were made on the same day as filings that Husband identified as violating the Act in the amended complaint. One of the disclosures in the amended complaint that Husband attributed to them had, in fact, been committed by Husband's Attorneys when they attached a copy of Wife's Complaint to their own motion to disqualify her counsel. Additionally, Husband's Attorneys had produced an inventory of alleged violations that included Wife's Law Firm quoting their own description of the contents of the Recordings on the record at one of the proceedings. Husband's Attorneys had also attached the criminal court's suppression opinion, which quoted the Recordings, to several of their pleadings.

Husband's Attorneys filed preliminary objections to the joinder complaint. They argued that it should be dismissed based on the law of the case doctrine because the Foglietta Order decided the same legal issues that were raised in the joinder complaint. They further argued that any of their alleged violations of the Act lacked the requisite proximity in time and space to the violations pled in the amended complaint so they could not be liable for contribution to those claims. They also contended that Husband would be prejudiced by the conflict of interest between himself and his chosen counsel if the joinder complaint was allowed to proceed. Finally, they argued that

Wife's Law Firm's claim for equitable relief should be dismissed because they came into equity with unclean hands and that the claim for attorneys' fees should be dismissed as having no basis in law.

The Honorable Jacqueline F. Allen sustained Husband's Attorneys' preliminary objections and dismissed the joinder complaint with prejudice. *See* Order, 10/6/21. Wife's Law Firm filed a motion for reconsideration, which was denied. Wife's Law Firm timely appealed and they and the trial court have complied with Pa. R.A.P. 1925.

## II.

Wife's Law Firm raise three issues[5] on appeal, which we have reordered for ease of disposition: whether the trial court erred in relying on the

---

[5] Our scope and standard of review are well-settled:

> In determining whether the trial court properly sustained preliminary objections, the appellate court must examine the averments in the complaint, together with the documents and exhibits attached thereto, in order to evaluate the sufficiency of the facts averred. The impetus of our inquiry is to determine the legal sufficiency of the complaint and whether the pleading would permit recovery if ultimately proven. This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion. When sustaining the [preliminary objections] will result in the denial of claim or a dismissal of suit, [the preliminary objections may be sustained] only where the case [is] free and clear of doubt.

*Hill v. Ofalt*, 85 A.3d 540, 547-48 (Pa. Super. 2014) (quoting *Lugo v. Farmers Pride, Inc.*, 967 A.2d 963, 966 (Pa. Super. 2009)) (alterations in original). Additionally,

*(Footnote Continued Next Page)*

coordinate jurisdiction doctrine to sustain the preliminary objection based on the Foglietta Order after Husband amended his complaint; whether the trial court erred in holding that it could not state claims for contribution against Husband's Attorneys; and whether the trial court erred in holding that it could not state a claim for equitable disgorgement. Because the first two issues on appeal are related, we address them together.

We begin by setting forward the relevant principles related to joinder of additional defendants to an action. Any party to an action may join an additional defendant if he or she may be solely liable for the underlying cause of action or "liable to or with the joining party on any cause of action arising out of the transaction or occurrence or series of transactions or occurrences upon which the underlying cause of action against the joining party is based." Pa. R. Civ. P. 2252(a). A joinder complaint must be filed within 60 days of the pleading initiating the action or the amendment of that pleading, and the additional defendant may then file preliminary objections to the joinder complaint. Pa. R. Civ. P. 2253(a)(1), (c).

---

Preliminary objections in the nature of a demurrer require the court to resolve the issues solely on the basis of the pleadings; no testimony or other evidence outside of the complaint may be considered to dispose of the legal issues presented by the demurrer. All material facts set forth in the pleading and all inferences reasonably deducible therefrom must be admitted as true.

*Id.* at 547.

Joinder is permitted when "the additional defendant's liability is related to the plaintiff's claim against the original defendant," allowing all possible sources of the plaintiff's harm to be addressed in a single action. *202 Island Car Wash, L.P. v. Monridge Const., Inc.*, 913 A.2d 922, 927 (Pa. Super. 2006). Thus, "where joinder is premised on the claim that the person sought to be joined is jointly or solely liable *to plaintiff*, then the joinder complaint must allege that the joined party is liable on the same cause of action as was pled by the plaintiff." *Somers v. Gross*, 574 A.2d 1056, 1059 (Pa. Super. 1990) (emphasis in original). Joinder is improper when the original complaint and joinder complaint "relate to different harms to be proven with different evidence as to different occurrences happening at different times." *Olson v. Grutza*, 631 A.2d 191, 196 (Pa. Super. 1993) (citation omitted).

Here, Husband's amended complaint raised two statutory claims under the Wiretap Act, which creates a civil cause of action for a person who is the subject of an illegal wiretap. 18 Pa.C.S. § 5725(a). The subject of the wiretap may recover actual and punitive damages, as well as attorneys' fees and litigation costs, from any person who "intercepts, discloses or uses" the communication at issue. *Id.* The statute provides that actual damages are "not less than liquidated damages computed at the rate of $100 a day for each day of violation, or $1,000, whichever is higher." § 5725(a)(1).

Husband also pled a common law invasion of privacy claim based on intrusion upon his solitude or seclusion. Pennsylvania courts have relied upon

the Restatement (Second) of Torts in analyzing these claims: "One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person." ***Tagouma v. Investigative Consultant Servs., Inc.***, 4 A.3d 170, 174 (Pa. Super. 2010) (quoting RESTATEMENT (SECOND) OF TORTS § 652B).

**A.**

First, we address whether the Foglietta Order was binding as to the preliminary objections to the joinder complaint under the coordinate jurisdiction rule. When Judge Foglietta denied the motion for leave to join additional defendants, he held that the proposed claims for contribution were separate and distinct from the claims raised in Husband's amended complaint such that the proposed additional defendants could not be considered joint tortfeasors for the purposes of Husband's claims. ***See*** Foglietta Order, 8/27/20, at 1. Wife's Law Firm argues that this determination was not binding on the trial court because Husband's amended complaint reset the procedural clock and allowed it to file the joinder complaint as of right. Further, it contends that the amended complaint expanded the factual scope of the action by alleging that there were many more filings that violated the Act, and that additional filings were anticipated in the future, allowing them to establish that the Husband's Attorneys were also a cause of Husband's purported injuries.

In its opinion, the trial court noted that the Foglietta Order held that Husband's Attorneys were not solely or jointly and severally liable for any of the filings written and filed by the Wife's Law Firm that disclosed the contents of the Recordings. It found no exceptional circumstances justifying departure from the coordinate jurisdiction rule, concluding that there was no intervening change in the facts or law that affected the Foglietta Order. Moreover, it explained, "[i]t is entirely reasonable that the earlier court made a distinction between the act of listening and transcribing the material from the [R]ecordings and the act of referencing the documents containing the questionable material in the regular course of judicial proceedings pertinent, and material, to the relief sought." Trial Court Opinion, 11/30/21, at 12.

The coordinate jurisdiction rule mandates that absent exceptional circumstances, judges of coordinate jurisdiction sitting in the same case should not overrule each other's decisions. *Ryan v. Berman*, 813 A.2d 792, 795 (Pa. 2002). "Exceptional circumstances" include an intervening change in the law, a substantial change in the facts or evidence in the case, and whether the earlier ruling was "clearly erroneous" and would create "manifest injustice" if followed. *Id.* (quoting *Commonwealth v. Starr*, 664 A.2d 1326, 1332 (Pa. 1995)). Our Supreme Court has held that a trial court violated the coordinate jurisdiction rule when it issued a ruling that was inconsistent with a prior judge's ruling and "altered the legal effect thereof," even when the precise legal question at issue differed in the later order. *Rellick-Smith v.*

*Rellick*, 261 A.3d 506, 518 (Pa. 2021) (OAJC) (holding that second judge could not allow party to amend a pleading to raise an affirmative defense when another judge had determined the defense was waived in an earlier ruling).[6]

Here, Wife's Law Firm sought to have the trial court overrule Husband's Attorneys' preliminary objections and find that it had properly pled claims for contribution establishing sole or joint and several liability of Husband's Attorneys on Husband's causes of action. The Foglietta Order addressed this precise legal issue in denying Wife's Law Firm's earlier motion for leave to join additional defendants. Simply, Wife's Law Firm asked the trial court to "alter the legal effect" of the Foglietta Order. *Rellick-Smith*, *supra*. Accordingly, the coordinate jurisdiction rule was implicated and we proceed to consider whether an exception to the doctrine applies.[7]

_____

[6] The Opinion Announcing the Judgment of the Court in *Rellick-Smith* was authored by Justice Todd and joined in full by Justices Dougherty and Wecht. Justice Donahue authored a concurring opinion in which she agreed that the coordinate jurisdiction rule had been violated, but advanced a different analysis of the procedural history of the case and the relevance of procedural posture to the coordinate jurisdiction analysis. *Rellick-Smith v. Rellick*, 261 A.3d 506, 519-23 (Pa. 2021) (Donahue, J., concurring).

[7] Wife's Law Firm cites *Ziegler v. Encompass Ins. Co.*, 1170 MDA 2020 (Pa. Super. Feb. 22, 2021) (unpublished memorandum), for the proposition that filing an amended complaint renders the prior complaint void and allows a trial court to revisit legal and factual determinations it made in response to the initial complaint. Wife's Law Firm fails to recognize that in *Ziegler*, the *same* trial court ruled on the preliminary objections to both complaints, which we cited when finding the law of the case doctrine inapplicable. *Id.* at *6-7 (quoting *Wright v. Misty Mountain Farm, LLC*, 125 A.3d 814, 818 (Pa. Super. 2015) ("A trial judge may always revisit h[is] own pretrial rulings
*(Footnote Continued Next Page)*

**B.**

Wife's Law Firm contends that two exceptions to the rule apply here: first, there was a substantial change in facts based on the filing of Husband's amended complaint, and second, that the Foglietta Order was clearly erroneous and would create manifest injustice if followed. ***Ryan***, ***supra***.

We begin by comparing the language of the original complaint to the language of the amended complaint to determine whether there was a substantial change in facts to support departure from the Foglietta Order. The factual allegations and background set forth in the two complaints are nearly identical. ***Compare*** Complaint, 2/20/20, at ¶ 1-46 ***with*** Amended Complaint, 6/7/21, at ¶ 1-42, 44-47. The initial complaint identifies three of Wife's Law Firm's court filings as violative of the Wiretap Act: Wife's Complaint, a motion to consolidate Husband's and Wife's civil cases, and a memorandum of law filed in opposition to one of Husband's motions in the civil case. Complaint, 2/20/20, at ¶ 34-42.

The amended complaint includes the following paragraph in addition to the allegations related to the three filings named in the original complaint:

> [Wife's Law Firm] continued to willfully use and disseminate the contents of the [] Recordings in [Wife's lawsuit] and the civil action with which it has been consolidated . . . in its defense of this lawsuit, in the prosecution and defense of appeals in the Pennsylvania Superior Court and the Pennsylvania Supreme Court

without violating the law of the case doctrine.") (alteration in original, emphasis omitted).

- 12 -

and, upon information and belief, will continue to willfully use and disseminate the contents of the [] Recordings in the future.

Amended Complaint, 6/7/21, at ¶ 43.[8]  The amended complaint again alleged that the disclosure of the Recordings in these court filings was a violation of the Wiretap Act and a tortious invasion of Husband's privacy.

Based on the addition of these factual allegations, Wife's Law Firm filed the joinder complaint alleging that Husband's Attorneys have also disclosed the contents of the Recordings through court filings in the various cases, including by attaching the Wife's Complaint to many of their own filings. Joinder Complaint, 7/20/21, at ¶ 32-88.  It averred that Husband had pled that it attached Wife's Complaint to a memorandum in opposition to one of his motions when, in fact, Husband's Attorneys had attached it to the motion Wife's Law Firm was opposing.  *Id.* at ¶ 44-46.  Wife's Law Firm referred to requests for admission and an inventory of alleged Wiretap Act violations Husband had filed in the case to support its argument that his causes of action encompassed all filings by any party in the cases between himself and Wife.[9]

_____

[8] The amended complaint also makes minor changes in paragraphs 45 and 46 to clarify that the claims relate to other filings not originally included in the complaint.

[9] In their argument on appeal and in the trial court, Wife's Law Firm relied on the requests for admissions and the spreadsheet and point out that Husband's Attorneys included some of their own filings or in-court statements in these documents, establishing their own liability for violating the Act.  This argument misapprehends the basis for joining an additional defendant who is allegedly liable to the plaintiff for his causes of action.  *See Somers v. Gross*, 574 A.2d
*(Footnote Continued Next Page)*

- 13 -

It then contends that any time Husband's Attorneys attached Wife's Law Firm's filings to their own filings or referenced the Recordings in their own filings, they had under their own theory of liability disclosed the Recordings in violation of the Wiretap Act.

We conclude that the amended complaint did not create a substantial change in facts justifying departure from the Foglietta Order, which held that the proposed claims for contribution were "separate and distinct" from the causes of action pled by Husband. Foglietta Order, 8/27/20, at 1. The gravamen of the Foglietta Order was that each of Wife's Law Firm's filings was a discrete basis for relief and Husband had not pled any harm arising from Husband's Attorneys' filings. Further, even if Husband's Attorneys' reproduction of Wife's Law Firm's filings or other disclosures of the Recordings could be a basis for relief under the Act, each of those disclosures would have to be proven with separate evidence at trial. **Somers**, **supra**; **Olson**, **supra**. To the extent that Husband did expand the scope of his claims, he only

_____

1056, 1059 (Pa. Super. 1990) ("[W]here joinder is premised on the claim that the person sought to be joined is jointly or solely liable to plaintiff, then the joinder complaint must allege that the joined party is liable on the same cause of action as was pled by the plaintiff.") (emphasis in original). Whether Husband's Attorneys included their own filings by error or otherwise is a matter for trial, when they will be tasked with proving all the violations for which Husband seeks damages. For the purposes of the joinder analysis, the specific causes of action pled in the Amended Complaint are relevant and, here, they relate only to filings authored and filed by Wife's Law Firm.

amended the number of alleged violations *by Wife's Law Firm*—he did not claim that he was also harmed by his counsel's actions in litigating the case.

*Somers*, which Wife's Law Firm relies on in support of its position that its claims arose out of the same cause of action pled by Husband, is distinguishable. There, the plaintiffs brought a negligence claim against their accountants arguing that their improper advice caused them to pay tax penalties and fees. *Somers*, *supra*, at 511. The accountants joined plaintiffs' attorney as an additional defendant in the suit, arguing that it was solely his legal advice and not their accounting advice that caused the tax penalties and fees. *Id.* This Court held that joinder was proper, as the joinder complaint pled that the attorney was, in fact, liable for the specific damages the plaintiff sought to recover. *Id.* at 513.

Here, Husband claims that each of Wife's Law Firm's filings that disclose the contents of the Recordings constitutes a discrete violation of the Wiretap Act. If the joinder complaint pled that Husband's Attorneys aided in the drafting or filing any of those filings, *Somers* would require joinder. Instead, the amended complaint is confined to those filings specifically made by Wife's Law Firm, as Husband's responsive filings disclosing the Recordings would have been unnecessary but for Wife's Law Firm's actions. Because the factual basis for Husband's action did not significantly change in a manner that would affect the reasoning expressed in the Foglietta Order, this exception to the coordinate jurisdiction rule does not apply.

Next, we consider whether the Foglietta Order was "clearly erroneous." ***Ryan***, ***supra***. Based on the same analysis as above, we conclude that it was not. The Foglietta Order denied the motion for leave to join additional defendants because the proposed joinder involved separate claims and causes of action than those pled in the complaint. As noted *supra*, the joinder complaint "must allege that [Husband's Attorneys are] liable on the same cause of action as was pled by [Husband]" for joinder to be proper under Pa. R. Civ. P. 2252. ***Somers***, ***supra***. However, that is not the case here, where Husband's amended complaint only alleged causes of action based on Wife's Law Firm's filings. Whether Husband has a cognizable claim under the Wiretap Act for violations against any other person is irrelevant and outside the scope of his amended complaint in this action.

Essentially, Wife's Law Firm attempts to assert claims for violations of the Wiretap Act that Husband had not attempted to pursue. However, only Husband is entitled under Section 5725 to raise civil claims related to the Recordings, as only he is allegedly "a person whose wire, electronic or oral communication [was] intercepted, disclosed or used in violation" of the Act. 18 Pa.C.S. § 5725(a). Because Wife's Law Firm cannot establish that Husband's Attorneys are liable for contribution on the three counts specifically pled in the amended complaint, the Foglietta Order was not clearly erroneous and the trial court did not err by relying on the coordinate jurisdiction rule to sustain the preliminary objections to those counts.

**III.**

Finally, we address Wife's Law Firm's equitable disgorgement claim, which was not addressed by the Foglietta Order, and was set forth in the joinder complaint as follows:

> 132. To the extent Defendants are held liable to Plaintiff and ordered to pay Plaintiff for any legal fees allegedly incurred to remedy Defendants' alleged violations of the Wiretap Act, it would be unfair, unjust, and inequitable for Joinder Defendants to retain the sums they have been paid to take actions that themselves violated the Wiretap Act.
>
> 133. That injustice would only be exemplified if Defendants are ordered to pay Plaintiff for the Joinder Defendants' legal fees for their specific actions that violated the Wiretap Act in the exact same way that Defendants are alleged to have violated the Wiretap Act for which Defendants are ordered to pay Joinder Defendants' fees in the first place.
>
> 134. Fairness, justice, and equity require that the Joinder Defendants be disgorged of all fees that were paid to them for their own actions in disclosing the Abuse Recordings.

Joinder Complaint, 7/20/21, at 22.

Wife's Law Firm faults the trial court for holding they could not state a claim for equitable disgorgement under the Wiretap Act. **See** Trial Court Opinion, 11/30/21, at 12. "It has been repeatedly stated . . . that equity has jurisdiction only in the absence of a full, complete and adequate remedy at law." **SLT Holdings, LLC v. Mitch-Well Energy, Inc.**, 249 A.3d 888, 895 (Pa. 2021) (citation omitted). As a result, we agree that the absence of a remedy under the Wiretap Act was an improper basis to sustain the demurrer. Nevertheless, the trial court also held that Wife's Law Firm could not state a

- 17 -

claim for equitable relief based on its allegation that Husband's Attorneys had received compensation for violating the Wiretap Act. We agree.

Much like the contribution counts, the equitable disgorgement count is predicated on the argument that Husband's Attorneys' use or disclosure of the Recordings while litigating Husband's various cases is the equivalent to Wife's Law Firm's original disclosures of the Recordings. This is illogical. Husband's Attorneys use of the Recordings, whether by reproducing Wife's Law Firm's filings, the suppression court opinion, or in their own filings, was only made necessary by Wife's Law Firm and Wife disclosing and using the Recordings in their cases. Husband's Attorneys relied on the Recordings to pursue a remedy for the alleged violation of their client's privacy, and Wife's Law Firm has not advanced an equitable basis to disgorge them of the legal fees for that work. Accordingly, the trial court did not err in sustaining the demurrer to this claim.

In conclusion, the contribution claims Wife's Law Firm attempted to raise in the joinder complaint were previously rejected in the Foglietta Order, and the coordinate jurisdiction rule barred the trial court from revisiting that determination absent proof of an exception to the doctrine. There was no substantial change to the law or facts after Husband filed his amended complaint, and the Foglietta Order was not clearly erroneous based on the law governing the joinder of additional defendants to an action. Moreover, Wife's Law Firm has not advanced an equitable basis to disgorge Husband's Attorneys of the legal fees they earned while pursuing Husband's cases. Thus,

the trial court did not abuse its discretion in sustaining Husband's Attorneys' preliminary objections and dismissing the joinder complaint with prejudice.

Order affirmed.

Judge Nichols joins the memorandum.

Judge Sullivan concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/17/2022